**EL VOCERO DE PUERTO RICO, Plaintiff,**

v.

**UNION DE PERIODISTAS, Artes Graficas Y Ramas Anexas, Affiliated to the Newspaper Guild, AFL–CIO (UPAGRA), Defendant.**

**Civ. No. 80–1586.**

United States District Court, D. Puerto Rico.

Sept. 1, 1981.

José A. Silva Cofresí, Fiddler, González & Rodríguez, San Juan, P. R., for plaintiff.

Raúl Duprey Máese, San Juan, P. R., for defendant.

### OPINION AND ORDER

GILBERTO GIERBOLINI, District Judge.

This is an action brought under Section 301 of the Labor Management Relations Act, as amended,[1] requesting this court to set aside and vacate an award rendered by an arbitrator.

Defendant and plaintiff executed a collective bargaining agreement on July 20, 1978. On May 4, 1979 plaintiff dismissed an employee. As a result of said dismissal the Union filed a grievance which culminated in arbitration, pursuant to the provisions of Article VII of the agreement. The parties submitted to arbitration the following:

"Determine whether the dismissal of Mr. Luis Castro Chang was or not justified. If it is determined that it was not, the Honorable Arbiter will provide the adequate remedy."

1. 29 U.S.C., Section 185.

The arbitrator rendered his award on June 12, 1980 and determined that the dismissal of the aforementioned employee was unjustified and ordered plaintiff to reinstate him with full retroactive pay at the moment of his dismissal.

Plaintiff appealed to this court and filed a motion for summary judgment alleging that the arbitrator that issued the disputed award had resigned from his employment with the Puerto Rico Labor and Human Resources Department (the Department) prior to said issuance. Plaintiff's main allegation is that pursuant to the collective bargaining agreement the parties agreed that the issues should be decided by an arbitrator from that Department, and since the arbitrator's decision was issued after he had resigned therefrom, the arbitrator lacked jurisdiction to issue the disputed award. Consequently, it is alleged that the award issued is null and void.

A hearing was held on plaintiff's motion for summary judgment and thereafter at the pretrial conference, the parties informed the magistrate that they had entered into serious settlement negotiations and were thus granted until June 1, 1981 to inform the court as to a settlement. To this date, the parties have not informed this court as to any agreement, so we shall now proceed to consider plaintiff's motion for summary judgment.

It should be noted that reviewing courts traditionally have been reluctant to set aside arbitrator's decisions. This reluctance is consonant with the strong federal policy favoring the resolution of industrial disputes by arbitration. See *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898, (1964); *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403, (1960); *Gavlik Construction Co. v. H. F. Campbell v. The Wickes Corp.*, 526 F.2d 777 (3rd Cir. 1975).

In order to test the validity of plaintiff's position, we must analyze the decision

of the Supreme Court in *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 593, 84 S.Ct. 909, 11 L.Ed.2d 898, which established the standard for the judicial review of an arbitration award under a collective bargaining agreement. The court held that the refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. But it added that, nevertheless, an arbitrator is confined to the interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. Of course, he may look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's awards manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.

█ An award issued by an arbitrator can be attacked in court on the basis of: 1) fraud, 2) improper conduct of the arbitrator, 3) violation of due process of law during proceedings, 4) violation of public policy, 5) lack of jurisdiction, and 6) that the award fails to adjudicate all the matters in controversy submitted to the arbitrator. See, generally, Updegraff & McCoy, Arbitration of Labor Disputes (1946); Elkouri, How Arbitration Works, 3rd Ed. 1978; *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968); *Electronics Corp. v. International Union of E. R. & M. W., Local 262*, 492 F.2d 1255 (1st Cir. 1974); *Ludwig Honold Manufacturing Co. v. Fletcher*, 405 F.2d 1123 (3rd Cir. 1969).

In this case, plaintiff attacks the jurisdiction of the arbitrator to issue the award rather than the merits of the same.

Article VII of the agreement between the parties provides for the selection of the arbitrator:

"G—Selection of an arbitrator by mutual consent will be made in the following manner:

1—An arbitrator selected from a group of three candidates designated by the Secretary of Labor of Puerto Rico or his representative, first elimination of an arbitrator shall be made by "the Union" and second "the Company".

2—A private arbitrator.

3—An arbitrator designated by the American Arbitration Association."

In accordance with the above, the parties selected an arbitrator from the Conciliation and Arbitration Bureau of the Department of Labor.

█ After carefully examining the collective bargaining agreement it is often necessary to extend beyond the four corners of the contract itself and examine the agreement history to ascertain the intent of the agreement and to determine the parties' rights and duties thereunder. *International Union, etc. v. White Motor Corp.*, 505 F.2d 1193 (8th Cir. 1974). Furthermore, great weight should be given to the interpretation of the collective bargaining agreement by the parties thereto. *Acheson v. Falstaff Brewing Corp.*, 523 F.2d 1327 (9th Cir. 1975). What the parties actually intended is of the utmost importance.

█ At the hearing of this case we inquired as to the intention of the parties regarding the selection of an arbitrator from a group of three candidates designated by the Secretary of Labor of Puerto Rico or his representative. To this effect, we were informed that the parties' intention was, for reasons of their own, that the arbitrator be an employee of the Conciliation and Arbitration Bureau. Logically, this presupposes that the main requisite of being an employee of the Conciliation and Arbitration Bureau had to be maintained at all pertinent times. Otherwise, their intention and purpose would be frustrated. In this case, plaintiff does not attack the merits of the award but the authority to issue the same. Proper interpretation of the collective bargaining agreement calls for the arbitrator to be an employee of the Bureau

of Conciliation and Arbitration not only at the time of his appointment but also throughout the proceedings. Once the intention of the parties is determined to be the aforementioned, what would be the use of insisting that the arbitrator be an employee of the Conciliation and Arbitration Bureau at the time of the appointment if at such important occasions as when he weighs the evidence, makes up his mind and issues his award he is no longer so employed?

The arbitrator resigned from his position with the Department of Labor, but failed also to resign as such. This situation being contrary to the intention of the parties, we find that he lacked jurisdiction to issue his award, which is therefore invalid and cannot prevail.

Consequently, there being "no genuine issue as to any material fact", plaintiff is entitled to judgment as a matter of law. See, Rule 56(c) of the Federal Rules of Civil Procedure, and *Adickes v. S. H. Kress and Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mack v. Cape Elizabeth School Board*, 553 F.2d 720 (1st Cir. 1977); *Kellerman v. Askew*, 541 F.2d 1089 (5th Cir. 1976); *Charpentier v. Fluor Ocean Servs Inc.*, 534 F.2d 71 (5th Cir. 1976). Thus, plaintiff's motion for summary judgment is hereby GRANTED and the award issued by the arbitrator is hereby vacated and set aside.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.