AVIS RENT A CAR SYSTEMS,
INC., Plaintiff,

v.

GARAGE EMPLOYEES UNION,
LOCAL 272, Defendant.

No. 85 Civ. 1894 (SWK).

United States District Court,
S.D. New York.

Jan. 30, 1986.

Dechert, Price & Rhoads by Lisa Filloramo, Jerome A. Hoffman, Marie L. Martino, New York City, for plaintiff.

Dublirer, Haydow, Straci & Victor by Bruce J. Cooper, New York City, for defendant.

KRAM, District Judge.

Plaintiff brought this suit to vacate an arbitration award decided against it on December 12, 1984. Plaintiff is Avis Rent A Car System, Inc., ("Avis"), and defendant is the Garage Employees Union, Inc., Local 272 ("the Union"). This case is presently before the Court on cross-motions for summary judgment, pursuant to Fed.R.Civ.P. 56. For the reasons stated below, summary judgment is GRANTED in favor of defendant.

A motion for summary judgment lies only when there is no genuine issue of material fact. This Court's role is to determine whether there are issues to be tried. *Heyman v. Commence and Ind. Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975). The burden is on the moving party to show that no such issues exist. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In testing whether the movant has met this burden, the Court must resolve all ambiguities against the movant. *Heyman*, 524 F.2d at 1320. Nonetheless, "the mere possibility that a factual issue *may* exist, without more, is not sufficient to overcome a convincing presentation by the moving party." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (emphasis in original). Speculation, conclusory

allegations, and mere denials are not enough to raise genuine issues of fact. There is no genuine dispute as to the following material facts.

Meyer Brothers Parking ("Meyer") operated a public parking garage at 240 East 54th Street in Manhattan until November 1983. The Meyer employees were covered by a collective bargaining agreement between the defendant Union and the Metropolitan Garage Owners' Association, Inc. (the "Association agreement").

In November 1983 Avis took over Meyer's lease for operation of the parking garage. Avis's employees, at that time, were represented by the Union under another collective bargaining agreement effective from November 3, 1983 until November 2, 1986 (the "Avis agreement"). A dispute arose as to whether the former Meyer employees' rate of pay was to be governed by the Avis agreement or the Association agreement. The Association Agreement provided for a higher hourly wage.

The Union demanded arbitration of the dispute and, pursuant to Article XXIV of the Association agreement, submitted the dispute to the New York State Board of Mediation. Article XX of the Avis agreement, meanwhile, provided for arbitration by the American Arbitration Association. Pursuant to the Union's demand for arbitration, the New York State Mediation Board appointed Henry Schuman to hear the dispute. On November 30, 1984 both Avis and the Union appeared with counsel before Schuman. The parties stipulated that Schuman hear and decide this issue:

> "What is the proper rate of pay to be paid certain employees formerly employed by Meyers at the Terin garage location?"

On December 12, 1984, the arbitrator issued his award. He decided that the proper rate of pay to be paid to the former Meyer employees should be the higher hourly rate provided in the Association agreement. The arbitrator directed Avis to pay the employees the higher rate of pay

retroactive to the last date prior to any reduction in the hourly rate. In his award Schuman named the parties and said, "The above named are parties to a collective bargaining agreement which provides for the resolution of disputes in Article XX thereof," Schuman was referring to the Avis agreement arbitration clause.

The sole issue in question is whether Schuman exceeded his authority in deciding the dispute. Avis argues that Schuman's authority, if any, was to resolve all disputes pursuant to the Association agreement, and once he found that the Avis agreement applied, his authority ended. Avis thus urges that the award be vacated under 9 U.S.C. § 10(d) which permits a district court to vacate an arbitration award "... where the arbitrators exceed their powers ..."

■ Federal policy favors arbitration. *Allegaert v. Perot,* 548 F.2d 432 (2d Cir.), *cert. den.,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1084 (1977); *Demsey & Associates, Inc. v. Steamship Sea Star,* 461 F.2d 1009 (2d Cir.1972); *Necchi S.p.A. v. Necchi Sewing Mac.,* 348 F.2d 693 (2d Cir.1965), *cert. den.,* 383 U.S. 909, 86 S.Ct. 892, 15 L.Ed.2d 664 (1966). A court's only function in reviewing an arbitration award is to determine whether it "draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 596–97, 80 S.Ct. 1358, 1360–61, 4 L.Ed.2d 1424 (1960). In determining whether an arbitration award "draws its essence from a collective bargaining agreement," a court should interpret the "essence" standard "expansively so as to uphold the award, rather than restrictively." *International Association of Machinists v. Texas Steel Company,* 538 F.2d 1116, 1121 (5th Cir. 1976), *cert. den.,* 429 U.S. 1051, 97 S.Ct. 1110, 51 L.Ed.2d 542 (1977). The courts will enforce an arbitrator's award concerning his own jurisdiction to decide a dispute where that award derives or reasonably could derive from some provision of the

collective bargaining agreement. *See Corallo v. Merrick Central Carburetor*, 733 F.2d 248, 252–53 (2d Cir.1984); *Ottley v. Sheepshead Nursing Home*, 688 F.2d 883, 886–87 (2d Cir.1982); *McAllister Brothers, Inc. v. A & S Transportation Co.*, 621 F.2d 519, 522–23 (2d Cir.1980); *Rochdale Village v. Public Service Employees Union*, 605 F.2d 1290, 1295–96 (2d Cir.1979). Based on this standard of review, the arbitrator's award in this case must be upheld.

In the instant case, the arbitrator ruled that his jurisdiction was founded in the Avis agreement. The Avis agreement stipulated that in the event of an unresolved salary conflict, the matter would be resolved by arbitration before the American Arbitration Association. Avis is arguing that because the forum in which the arbitration took place is not the one named in Article XX, the arbitrator's award is invalid.[1] But the essence of the Avis Agreement was that in the event of an unresolved salary conflict, there would be an arbitration in New York, and that arbitration took place. Naming the American Arbitration Association was merely ancillary to the primary objective. Therefore, because the arbitration itself arises from the essence of the Avis agreement, the award does as well.[2]

Plaintiff has failed to show any reason why a specific mode of arbitration should have been used, or any undue bias caused by the appointment of another arbitration association. In light of this, and because the award derives from the essence of the Avis agreement, the arbitrator's award must be upheld.

SO ORDERED.

1. It appears that even if the dispute was presented to the American Arbitration Association, the issue would be the same. The plaintiffs do not contest the fact that the issue submitted to the arbitrator was arbitrable under either collective bargaining agreement.

2. An analogous case, *Bell Aerospace Co. Div. of Textron v. Local 516*, 500 F.2d 921, 923 (2d Cir.1974), involved the validity of an arbitration

between an employer and a union. The original disagreement involved another union as well, and the arbitrator considered the certification of the second union in issuing his award against the first union. The first union claimed that the arbitrator exceeded his authority in considering the certification of the second union. The Second Circuit disagreed and upheld the arbitrator's award.