**AVIS RENT A CAR SYSTEM, INC.,**
**Plaintiff-Appellant,**

v.

**GARAGE EMPLOYEES UNION,**
**LOCAL 272, Defendant-Appellee.**

No. 1255, Docket 86–7162.

United States Court of Appeals,
Second Circuit.

Argued May 1, 1986.

Decided May 20, 1986.

Jerome A. Hoffman, New York City (Dechert Price & Rhoads, of counsel), for plaintiff-appellant.

Bruce J. Cooper, New York City (Dublirer, Haydow, Straci & Victor, of counsel), for defendant-appellee.

Before FEINBERG, Chief Judge and LUMBARD and OAKES, Circuit Judges.

FEINBERG, Chief Judge.

Avis Rent A Car System, Inc. (Avis) appeals from an order of Judge Shirley Wohl Kram of the United States District Court for the Southern District of New York, 626 F.Supp. 1293, confirming a labor arbitration award in favor of the Garage Employees Union, Local 272 (the Union). Avis contends that the award is unenforceable because the arbitrator was not chosen in conformity with the collective bargaining agreement he purported to interpret. We agree that the arbitrator was without power to enter the award, and that the district court should have vacated it. We reverse and remand so that the parties may bring their dispute before a properly selected arbitrator.

## I.

In 1983, Avis operated a car rental facility located in a building at 240 East 54th Street in New York City. Avis was then a member of the Metropolitan Garage Owners Association (the Association), and party to a collective bargaining agreement between the Union and the Association (the Association Agreement). However, the Avis employees at the East 54th Street building were covered by a separate contract between Avis and the Union (the Avis Agreement). Meyer Brothers Parking (Meyer) ran a parking garage in the same building. Meyer belonged to the Association as well, and its employees came under the Association Agreement.

In November 1983, Avis took over Meyer's lease at the East 54th Street premises and hired all of the Meyer employees working there. A dispute soon arose over the appropriate rate of pay of the Avis employees formerly employed by Meyer. The Union took the position that the rate provided in the Association Agreement controlled. Avis contended that the ex-Meyer employees, like the other Avis employees working in the building, should receive pay at a lower rate set by the Avis Agreement.

The Union and Avis were unable to agree on the wage question. Both collective bargaining agreements called for arbitration of disputes in such an event. Article XX of the Avis Agreement contemplated that problems would be settled by arbitration under the rules of the American Arbitration Association (AAA).

*Section 3.* Any dispute, difference controversy [sic] or grievance which cannot be mutually settled under the grievance procedure ... shall be submitted to the American Arbitration Association under its rules of procedure.

The Association Agreement provided in Article XXIV that disputes "arising out of" that contract would go to an arbitration panel composed of "representatives" designated by the parties to the agreement. It went on to specify the scope of the panel's authority and the procedure to be followed in the event of deadlock:

5. Said Board is hereby empowered to rule on the application intent, interpretation or effect of any of the provisions of this Agreement on any issue submitted to it, such ruling to be final and binding on all parties. Said Board shall formulate and establish its own rules of procedure. In the event of a deadlock, either the Association members of the Board, or the Union members of the board by their respective counsel may submit the unresolved issue to the American Arbitration Association in the City of New York for disposition in accordance with its rules and regulations then obtaining; except that upon the consent of both parties the unresolved issue may be submitted to arbitration, to the New York State Board of Mediation.

The Union sought arbitration of the pay controversy in the spring of 1984 by writing to the New York State Mediation Board (the Mediation Board). Invoking a collective bargaining agreement "effective February 6, 1983," which was the effective date of the Association Agreement, and which provided for arbitration by consent under Mediation Board rules, the Union asked that the Mediation Board appoint an

arbitrator. Avis replied with a letter to the Mediation Board objecting to the Union's request and claiming that the Avis Agreement applied. Under that contract, Avis argued, arbitration was to proceed under AAA rules and not those of the Mediation Board.

Notwithstanding Avis's protest, the Mediation Board appointed an arbitrator. He heard argument from both parties, who presented him with copies of the Avis Agreement and the Association Agreement. Avis maintained that the Avis Agreement set the pay rates for all the Avis employees at East 54th Street. The Union argued that the ex-Meyer employees should receive the higher Association Agreement rates. A short time later, the arbitrator issued a written award which cited "Article XX" of "a Collective Bargaining Agreement" as the apparent source of his jurisdiction to arbitrate. The arbitrator concluded that the employees who had worked for Meyer should receive the higher wage due to the failure of the parties to discuss wages with them before Avis assumed the Meyer lease.

Avis then brought this action before Judge Kram to vacate the award pursuant to 29 U.S.C. § 185 and the United States Arbitration Act, 9 U.S.C. §§ 1–14. Avis claimed that the arbitrator had exceeded his authority by basing his award on a contract he lacked power to interpret. According to Avis, the arbitrator had determined that the Avis Agreement was the controlling contract. But an arbitrator appointed by the Mediation Board had no power to enter an award based on that agreement, which provided for arbitration only under AAA rules, not those of the Mediation Board. The Union counterclaimed for confirmation of the award, contending that the arbitrator had acted within his powers and that in any event Avis had waived its objections to the selection procedure. The parties each moved for summary judgment.

Judge Kram adopted neither of these positions fully. She agreed with Avis that the arbitrator had founded his jurisdiction on the Avis Agreement, and that the method used to select the arbitrator had not conformed to Article XX of that agreement. However, the district judge ordered the award confirmed because the parties had received the essence of their bargain by proceeding to arbitration in New York, and because Avis had not shown that arbitration under AAA rules would be better or that Avis had been prejudiced. This appeal followed.

## II.

Avis renews its attack on the arbitrator's power to enter an award. Avis argues that the arbitrator should have stopped once he found the Avis Agreement to be controlling, since that agreement gave the power to settle disputes arising under it only to a person appointed under AAA rules. This is a claim of fundamental error, since the collective bargaining agreement is the source of the arbitrator's power to render an award. The Avis Agreement provided solely for arbitration of disputes arising out of that agreement. The Association Agreement contained an identical limitation. Appointment under only one of the contracts therefore could not give an arbitrator the power to render an award arising under the other. See *Laborers International Union Local 309 v. W.W. Bennett Constr. Co.*, 686 F.2d 1267, 1276 (7th Cir.1982).

It is clear from the Union's letter to the Mediation Board and the Board's response to it that the arbitrator was appointed under the Association Agreement. However, it also is clear that he went on to interpret the Avis Agreement, a point made obvious by the language and reasoning of the award. The award notes that two separate contracts were in force at the East 54th Street building when Avis took over Meyer's lease. But the first paragraph of the award refers only to a single agreement providing for arbitration in "Article XX." This can only refer to the arbitration clause of Article XX of the Avis Agreement; the corresponding provision of the Association Agreement appears at Article XXIV. The

Union suggests that the reference is a factual error and should be disregarded. However, the Union offers no evidence that would justify looking beyond what the arbitrator actually said in his award. Absent such evidence, the first paragraph of the award clearly indicates that the arbitrator based his jurisdiction on the Avis Agreement and proceeded to interpret it.

The rationale stated in the award leads to the same conclusion. The arbitrator had to choose between rates set by two distinct contracts. Had he construed the Association Agreement, the ex-Meyer employees would have automatically received the higher rate of pay provided in that agreement. However, the arbitrator based his award of the higher rate on the conduct of the parties. Neither Avis nor the Union, he found, had ever told the ex-Meyer workers that their wages would fall once they became employees of Avis. He inferred from this a shared assumption that the employees would continue to receive the higher wage they had previously earned as Meyer employees. The arbitrator's reliance on these considerations, which were unnecessary to construction of the Association Agreement, makes clear that he applied the Avis Agreement instead, although he mitigated its effects out of a concern for fairness.

██ We agree with Judge Kram that the arbitrator based his jurisdiction on the Avis Agreement. However, the arbitrator had no authority to interpret that agreement, because his appointment did not conform to it. The arbitrator was designated by the Mediation Board as called for by the Association Agreement; he was not chosen under the AAA rules specified in Article XX of the Avis Agreement. The defect in the method used to select him left him powerless to implement the Avis Agreement. An arbitrator may have the final say on certain issues that affect the power to enter an award, but an award will not be enforced if the arbitrator is not chosen in accordance with the method agreed to by the parties. *Tamari v. Conrad,* 552 F.2d 778, 781 (7th Cir.1977).

The district court nevertheless confirmed the award. The "essence" of Article XX of the Avis Agreement, the judge found, was that it required arbitration in New York. Since that condition had been met and Avis had not demonstrated why following AAA rules would be better for Avis or otherwise preferable, Judge Kram ordered the award confirmed. That reasoning suffers from two basic flaws. First, it fails to acknowledge that arbitration depends on the consent of the parties to the contract. Under Article XX of the Avis Agreement, the Union and Avis agreed to binding arbitration only by a person selected under AAA rules. Courts generally enforce such clauses strictly, vacating awards entered by arbitrators whose qualifications or method of appointment fail to conform to arbitration clauses. See *Food Handlers Local 425 v. Pluss Poultry, Inc.,* 260 F.2d 835 (8th Cir.1958) (arbitration panel composed of one agency-appointed and one union-appointed member, when contract called for jointly-appointed panel of three); *El Vocero de Puerto Rico v. Union de Periodistas,* 532 F.Supp. 13 (D.P.R.1981) (arbitrator resigned from bureau when contract contemplated he would remain employed by it); *Local 227, International Hod Carriers v. Sullivan,* 221 F.Supp. 696 (E.D.Ill.1983) (single agency-appointed arbitrator when contract specified five-member panel jointly selected by union and employer). While a trivial departure from the contractual method of choosing an arbitrator might not bar enforcement of an award, such is not the case here. It is apparently undisputed that the AAA rules adopted by the Avis Agreement provided for an arbitrator picked by the parties from an AAA-prepared list. Instead, the arbitrator was appointed by the Mediation Board from a list of its own. This created a method for settling disputes under the Avis Agreement significantly different from that contemplated by that contract.

Second, the judge erred in placing on Avis the burden of demonstrating reasons for using the Article XX procedures and prejudice to Avis from failure to follow

them. On the contrary, analogous contractual forum selection clauses are ordinarily binding and enforceable unless the party resisting them, not invoking them, shows them to be unreasonable. See *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 72 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (litigation forum selection); *Snyder v. Smith*, 736 F.2d 409, 419 (7th Cir.) (arbitration forum selection), cert. denied, — U.S. —, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984). To avoid the effect of Article XX of the Avis Agreement, the burden was on the Union to show that arbitration under AAA procedures would have been unfair or unreasonable, a showing it apparently did not attempt to make.

Finally, the Union claims in desultory fashion that Avis waived its objections to the method used to designate the arbitrator by appearing before him without seeking a stay of arbitration. The argument is without merit. Avis's protest to the Mediation Board that only the AAA procedures were appropriate was clear. We cannot say that Avis was required to do more to preserve its objections. Cf. *Local 719, American Bakery & Confectionery Workers v. National Biscuit Co.*, 378 F.2d 918, 921–22 (3d Cir.1967).

■ We conclude that the arbitrator appointed to handle the wage dispute had no power to resolve it by interpreting the Avis Agreement. Accordingly, the judgment is reversed. We decide only that the award cannot be enforced, not which contract governs the rate of pay of the ex-Meyer employees. However, it is apparent that the parties should settle their controversy under AAA rules. Both the Avis Agreement and the Association Agreement provide for arbitration under AAA procedures in the event of an impasse. The Association Agreement also allows arbitration under the auspices of the Mediation Board, but only upon consent by both parties. Far from consenting, Avis has timely stated its opposition to Mediation Board arbitration in no uncertain terms. Unless Avis alters that position, arbitration under AAA rules hence is the only type of arbitration permitted under either agreement, no matter which one applies.

The judgment confirming the award is reversed. On remand, the district court shall order the parties to place their dispute before an arbitrator selected under AAA procedures.