STUART, Justice.
Raymond James Financial Services, Inc. (“Raymond James”), and Bernard Mi-chaud, a securities broker at Raymond James (hereinafter referred to collectively as “RJFS”), appeal the judgment of the Jefferson Circuit Court vacating an arbitration award entered in their favor and against Kathryn L. Honea, a former client. We reverse and remand.
I.
Beginning in May 1997, Honea opened multiple investment accounts at a branch office of Raymond James in Birmingham. In conjunction with the opening of the accounts, Honea signed a client agreement with Raymond James containing the following provision, entitled “Arbitration and Dispute Resolution”:
“(a) In a dispute or controversy, either arising in the future or in existence now, between me and you (including your officers, directors, employees or agents and the introducing broker, if applicable) we agree to first endeavor to settle the dispute in an amicable manner by mediation at the request of either party. Thereafter, any unsettled dispute or controversy will be resolved by arbitration conducted before the New York Stock Exchange, Inc., the National Association of Securities Dealers, Inc., or the American Stock Exchange, Inc., or other self-regulatory organizations (SRO) subject to the jurisdiction of the Securities and Exchange Commission (SEC) pursuant to the arbitration rules of the Exchange or SRO, and in accordance with the United States Arbitration Act (Title 9 of the United States Code).
“(b) We agree that in any arbitration the arbitrators will resolve the dispute in accordance with applicable law and will be required to furnish us with a *1163 written decision which must explain the reasons for their decision....
“(e) A court of competent jurisdiction may enter judgment based on the award rendered by the arbitrators. We agree that both parties will have a right to appeal the decision of the arbitrators if the arbitrators award damages that exceed $100,000; the arbitrators do not award damages and the amount of my loss of principal exceeds $100,000; or the arbitrators award punitive damages. In each of the foregoing cases, a court having jurisdiction will conduct a ‘de novo’ review of the transcript and exhibits of the arbitration hearing.”
Honea alleges that, between May 1997 and 2000, she deposited over $1,200,000 into her accounts and that the accounts decreased in value by approximately $1,050,000. On March 30, 2006, Honea sued RJFS in the. Jefferson Circuit Court, alleging that her losses were the result of abusive brokerage practices, which practices, she alleges, violated the Alabama Securities Act, § 8-6-1 et seq., Ala.Code 1975, and asserting claims of breach of contract, breach of fiduciary duty, negligence, wantonness, and fraud. RJFS subsequently moved the trial court to compel arbitration pursuant to the arbitration provision in the client agreement Honea had signed, noting that the client agreement was “a contract evidencing transactions involving interstate commerce and [that those transactions] therefore are subject to the provisions of the Federal Arbitration Act, 9 U.S.C. section 1, et seq.” The trial court granted the motion, and Honea thereafter pursued her claims in arbitration.
The final arbitration hearing was conducted over three days beginning on December 18, 2007. On January 3, 2008, the three-member arbitration panel unanimously entered an award in favor of RJFS, dismissing Honea’s breach-of-fiduciary-duty, negligence, wantonness, fraud, and Alabama Securities Act claims with prejudice, and denying her breach-of-contract claim based on the statute of limitations. On January 14, 2008, Honea filed a motion in the Jefferson Circuit Court seeking to vacate the decision of the arbitrators, i.e., the arbitration award, arguing that the arbitrators had manifestly disregarded the law and that one of the arbitrators was biased in favor of RJFS, because, Honea alleged, his law firm did substantial work for another financial institution alleged to be in merger negotiations with Raymond James. RJFS opposed Honea’s motion, arguing that the arbitration award was supported by both the law and the evidence and that there was no evidence of bias on the part of the one arbitrator because the speculative allegation regarding merger negotiations was wholly untrue.
The trial court originally scheduled a hearing for Honea’s motion to vacate the arbitration award for March 28, 2008; however, for reasons including the difficulty the parties had in obtaining a transcript of the arbitration proceedings, that hearing was repeatedly continued. On October 17, 2008, Honea filed an additional motion with the trial court asking it to conduct a de novo review of the arbitration award pursuant to paragraph (c) of the arbitration provision in the client agreement, quoted supra, which specifically authorized such a review by the trial court if “the arbitrators do not award damages and the amount of [the client’s] loss of principal exceeds $100,000.” On October 31, 2008, RJFS filed its response, citing Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), for the propositions (1) that manifest disregard of the law is not a valid ground for seeking the vacatur of an arbi *1164 tration award; and (2) that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“the FAA”), provides the exclusive grounds for seeking judicial review of arbitration awards in Alabama and parties may not expand those grounds by contract to provide for de novo judicial review of such awards. RJFS also repeated its argument that there was no evidence indicating that any of the arbitrators were biased in favor of RJFS.
On November 7, 2008, the trial court held a hearing on Honea’s motion to vacate the arbitration award. At that hearing, Honea reasserted the arguments she had previously made and also argued that the arbitration award should be vacated because, she alleged, the three-member arbitration panel consisted of two “non-public” arbitrators, in violation of the specific arbitration rules of the National Association of Securities Dealers (“NASD”), which governed the arbitration proceedings.[1] On July 20, 2009, the trial court issued an order concluding that Honea was entitled to a de novo review of the arbitration award and that the arbitration proceeding had not been conducted pursuant to NASD rules. The trial court accordingly vacated the award that had been entered in favor of RJFS and scheduled a future status conference for the purpose of setting the matter for trial. On August 27, 2009, RJFS filed this appeal. See Rule 71B(g), Ala. R. Civ. P.
II.
In Hereford v. D.R. Horton, Inc., 13 So.3d 375, 378 (Ala.2009), this Court described the standard of review applicable to an order confirming or vacating an arbitration award as follows:
“The standard by which an appellate court reviews a trial court’s order confirming [or vacating] an arbitration award under the Federal Arbitration Act is that questions of law are reviewed de novo and findings of fact are reviewed only for clear error. See Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1289 (11th Cir.2002).”
III.
The gravamen of RJFS’s argument on appeal is that an Alabama court can vacate an arbitration award deciding a dispute involving interstate commerce and subject to the FAA only if one of the following grounds for vacatur enumerated in § 10(a) of the FAA is clearly established:
“(1) where the award was procured by corruption, fraud, or undue means;
“(2) where there was evident partiality or corruption in the arbitrators, or either of them;
“(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
“(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.”
In support of this argument, RJFS cites Hall Street, in which the Supreme Court of the United States considered the issue whether parties could, consistent with the FAA, expand by contract the grounds for judicial review of an arbitration award beyond those enumerated in § 10 of the FAA and answered that question in the negative. Honea, however, argues that the *1165 holding of Hall Street does not apply to this case.
Hall Street involved a lease dispute between a landlord and tenant. While that dispute was being litigated in the United States District Court for the District of Oregon, the parties entered into an agreement to instead resolve their dispute in arbitration, but, as part of that agreement, they also agreed that the federal district court then hearing their case could vacate the resulting arbitration award if it found that the arbitrator’s findings of fact were not supported by substantial evidence or if the arbitrator’s conclusions of law were erroneous. 552 U.S. at 579. After the arbitrator entered an award in favor of the tenant, the landlord moved the trial court to vacate the award, and the trial court did so, citing legal error on the part of the arbitrator. 552 U.S. at 580. After the case was returned to arbitration and the arbitrator entered a new award in favor of the landlord, and after the trial court denied the tenant’s subsequent request to modify the award, the tenant appealed to the United States Court of Appeals for the Ninth Circuit, arguing that the provision in the arbitration agreement for judicial review in the event the conclusions of law were erroneous was unenforceable. 552 U.S. at 580. The Ninth Circuit Court of Appeals agreed; it reversed the judgment of the trial court, and the Supreme Court of the United States thereafter “granted certiorari to decide whether the grounds for vacatur and modification provided by §§ 10 and 11 of the FAA are exclusive.” 552 U.S. at 581.[2]
In deciding the case, the Supreme Court rejected the landlord’s argument that it should uphold the contractual provision allowing for expanded judicial review of the arbitration award because arbitration is itself a creature of contract and because the FAA is “ ‘motivated, first and foremost, by a congressional desire to enforce agreements into which parties ha[ve] entered.’ ” 552 U.S. at 585 (quoting Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 220, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)). In concluding that such provisions were unenforceable, the Supreme Court stated:
“[The appellant] is certainly right that the FAA lets parties tailor some, even many features of arbitration by contract, including the way arbitrators are chosen, what their qualifications should be, which issues are arbitrable, along with procedure and choice of substantive law. But to rest this case on the general policy of treating arbitration agreements as enforceable as such would be to beg the question, which is whether the FAA has textual features at odds with enforcing a contract to expand judicial review following the arbitration.
“To that particular question we think the answer is yes, that the text compels a reading of the §§ 10 and 11 categories as exclusive. To begin with, even if we assumed §§ 10 and 11 could be supplemented to some extent, it would stretch basic interpretive principles to expand the stated grounds to the point of evi-dentiary and legal review generally. Sections 10 and 11, after all, address egregious departures from the parties’ agreed-upon arbitration: ‘corruption,’ ‘fraud,’ ‘evident partiality,’ ‘misconduct,’ ‘misbehavior,’ ‘exceeding] ... powers,’ ‘evident material miscalculation,’ ‘evident material mistake,’ ‘award[s] upon a matter not submitted;’ the only ground *1166 with any softer focus is ‘imperfections],’ and a court may correct those only if they go to ‘[a] matter of form not affecting the merits.’ Given this emphasis on extreme arbitral conduct, the old rule of ejusdem generis has an implicit lesson to teach here. Under that rule, when a statute sets out a series of specific items ending with a general term, that general term is confined to covering subjects comparable to the specifics it follows. Since a general term included in the text is normally so limited, then surely a statute with no textual hook for expansion cannot authorize contracting parties to supplement review for specific instances of outrageous conduct with review for just any legal error. ‘Fraud’ and a mistake of law are not cut from the same cloth.
[[Image here]]
“Instead of fighting the text, it makes more sense to see the three provisions, §§ 9-11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration’s essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can ‘rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process,’ Kyocera [Corp. v. Prudential-Bache Trade Servs., Inc.], 341 F.3d [987,] 998 [ (9th Cir.2003)]; cf. Ethyl Corp. v. United Steelworkers of America, 768 F.2d 180, 184 (7th Cir.1985), and bring arbitration theory to grief in post-arbitration process.”
552 U.S. at 586-88.
It is accordingly clear that, post-Hall Street, the specific grounds enumerated in § 10 of the FAA are the only grounds upon which an arbitration award may be vacated under the FAA. However, Honea argues that an arbitration award may nevertheless be vacated upon grounds outside those enumerated in § 10 of the FAA if those other grounds are authorized by state statute or by common law. The Supreme Court of the United States expressly recognized this possibility in Hall Street when it stated:
“In holding that §§ 10 and 11 provide exclusive regimes for the review provided by the statute, we do not purport to say that they exclude more searching review based on authority outside the statute as well. The FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law, for example, where judicial review of different scope is arguable. But here we speak only to the scope of the expeditious judicial review under §§ 9, 10, and 11, deciding nothing about other possible avenues for judicial enforcement of arbitration awards.”
552 U.S. at 590.[3] Honea accordingly argues that even though agreements providing for the expanded judicial review of arbitration awards may not be enforceable under the FAA, they are nevertheless enforceable under Alabama common law because Alabama courts have consistently held that general contract law requires that arbitration agreements be enforced as written. This principle was explained by this Court in Bowater Inc. v. Zager, 901 So.2d 658, 667-68 (Ala.2004):
*1167 “Section 3 of the FAA provides that, when a party to pending litigation successfully moves to compel arbitration, the trial court shall stay the proceeding ‘until such arbitration has been had in accordance with the terms of the agreement.’ Section 4 of the FAA likewise provides, in a situation where there is no pending litigation and a party desiring to compel arbitration petitions a court ‘for an order directing that such arbitration proceed in the manner provided for in [the] agreement,’ that ‘the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.’ Section 5 provides that ‘[i]f in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed.... ’
“ ‘Arbitration under the [FAA] is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, see Mitsubishi [Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614], at 628 [ (1985) ], so too may they specify by contract the rules under which that arbitration will be conducted.... By permitting the courts to “rigorously enforce” such agreements according to their terms, see [Dean Witter Reynolds Inc. v.] Byrd, [470 U.S. 213], at 221 [ (1985) ], we give effect to the contractual rights and expectations of the parties, without doing violence to the policies behind ... the FAA.’
“Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).
“ ‘Because “arbitration is a matter of contract,” AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986), parties may determine by contract the method under which arbitrators for their disputes will be appointed, Universal Reinsurance Corp. v. Allstate Ins. Co., 16 F.3d 125, 128 (7th Cir. 199[3]); Szuts v. Dean Witter Reynolds, Inc., 931 F.2d 830, 831 (11th Cir.1991); Avis Rent A Car System, Inc. v. Garage Employees Union, 791 F.2d 22, 24 (2d Cir.1986); ATSA of California, Inc. v. Continental Ins. Co., 754 F.2d 1394, 1395-96 (9th Cir.1985) (amending original opinion reported at 702 F.2d 172, 175-76 (9th Cir.1983)). In fact, the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, expressly states in section 5 that if the parties have provided in their contract “a method of naming or appointing an arbitrator or arbitrators ..., such method shall be followed.” 9 U.S.C. § 5.’
“Cargill Rice, Inc. v. Empresa Nicara-guense Dealimentos Basicos, 25 F.3d 223, 225 (4th Cir.1994).”
RJFS refutes Honea’s argument on this point by arguing, first, that the FAA — not Alabama common law — governs the review of this arbitration award, and, second, that the common law would nevertheless afford Honea no relief even if applied.
RJFS supports its first argument by noting that the arbitration provision itself stated that “any unsettled dispute or controversy will be resolved by arbitration ... in accordance with the [FAA],” and that its motion to compel arbitration also specifically invoked the FAA. Honea has offered no reason, RJFS argues, why the common law should apply instead of the FAA, other than the mere fact that the Supreme Court of the United States said in Hall Street *1168 that “parties wanting review of arbitration awards ... may contemplate enforcement under state statutory or common law....” 552 U.S. at 590. Moreover, RJFS argues, there is no evidence indicating that either it or Honea ever contemplated review under the common law as opposed to the FAA. See Alafabco, Inc. v. Citizens Bank, 872 So.2d 798, 801 (Ala.2002) (overruled on other grounds) (stating that where there is no evidence indicating that the parties wished to proceed in arbitration pursuant to the Alabama Arbitration Act, § 6-6-1 et seq., Ala.Code 1975 (“the AAA”), or the common law, “the parties did not contemplate arbitration” under that authority and the FAA must govern).
RJFS further quotes Birmingham News Co. v. Horn, 901 So.2d 27, 46 (Ala.2004), in which we stated: “This Court has adopted 9 U.S.C. § 10 as applicable to an appeal of an arbitration award in this state,” and succeeding cases relying upon Horn for the proposition that Alabama courts engaging in the judicial review of arbitration awards may vacate such awards only if one of the grounds in § 10 of the FAA is met, regardless of whether that review is sought pursuant to the FAA, the AAA, or the common law. See also Horton Homes, Inc. v. Shaner, 999 So.2d 462, 467 n. 2 (Ala.2008) (“We reiterate that a party desiring judicial review of an arbitration award in a proceeding subject to the [FAA] is limited to arguments based on those grounds enumerated in 9 U.S.C. § 10.”).
Moreover, RJFS argues that, even if this Court does accept Honea’s argument and apply the common law, the end result would be the same. Section 6-6-14, Ala. Code 1975, provides that an arbitration award in Alabama is final unless there is evidence of “fraud, partiality, or corruption in making it,” and this Court has declared that this statute “is but declaratory of the common-law rule on the subject.” Fuerst v. Eichberqer, 224 Ala. 81, 33, 138 So. 409, 410 (1931). Thus, RJFS argues, courts reviewing arbitration awards under Alabama common law or statute are limited to the three grounds enumerated in § 6-6-14, which grounds it argues are even more narrow than those in § 10 of the FAA, and, it further argues, courts may not therefore engage in de novo review even if the parties have contractually agreed to such review. It is therefore ultimately immaterial, RJFS argues, whether the arbitration award in this case is reviewed pursuant to the FAA, the AAA, or the common law. For the reasons that follow, we disagree.
In Horn, we made clear that Alabama courts should apply § 10 of the FAA when moved to vacate or to confirm arbitration awards, even though § 10 was facially applicable only to federal district courts. 901 So.2d at 46. However, we refrained from holding that § 10 eonstitut-ed substantive law that we were required by the FAA to apply in state court proceedings, stating that it was unnecessary to “stumble over the distinction between substantive law and procedural law” because we had already adopted § 10 “as applicable to an appeal of an arbitration award in this state, and we see no need to retreat from that position.” 901 So.2d at 46-47. However, in Hall Street, the Supreme Court of the United States acknowledged that state statutory or common law might permit arbitration awards to be reviewed under standards different from those enumerated in § 10, thus effectively stating that § 10 represents procedural as opposed to substantive law.[4] We are ae- *1169 cordingly at liberty to decide whether to apply § 10 in state court proceedings on motions to vacate or to confirm an arbitration award. We have heretofore done so; however, this case presents us with the situation we implicitly recognized in Horn in which there are good and sufficient reasons “to retreat from that position.” 901 So.2d at 46-47. Under the Alabama common law, courts must rigorously enforce contracts, including arbitration agreements, according to their terms in order to give effect to the contractual rights and expectations of the parties. See, e.g., Bo-water, supra.[5] Applying that principle in this case requires us to give effect to the provision in the arbitration agreement authorizing a court having jurisdiction to conduct a de novo review of the award entered as a result of arbitration proceedings conducted pursuant to that same agreement.
Ironically, however, it is this same principle requiring us to strictly enforce arbitration agreements according to their terms that requires us to reverse the judgment entered by the trial court in this case. The relevant provision in the arbitration agreement entered into by RJFS and Honea reads as follows:
“(c) A court of competent jurisdiction may enter judgment based on the award rendered by the arbitrators. We agree that both parties will have a right to appeal the decision of the arbitrators if the arbitrators award damages that exceed $100,000; the arbitrators do not award damages and the amount of my loss of principal exceeds $100,000; or the arbitrators award punitive damages. In each of the foregoing cases, a court having jurisdiction will conduct a ‘de novo’review of'the transcript and exhibits of the arbitration hearing.”
(Emphasis added.) Citing this provision, the trial court vacated the award entered by the arbitration panel for the reasons cited in its order and ordered a trial. However, as RJFS argues, the arbitration provision does not authorize that action; rather, it authorizes the trial court to “conduct a ‘de novo’ review of the transcript and exhibits of the arbitration hearing.” It does not authorize the trial court to preside over a trial and to take new evi *1170 dence. Presumably, the trial court is to review the evidence presented at the arbitration proceeding and make its own findings of fact and conclusions of law and enter a judgment accordingly. It is without dispute that the trial court did not purport to undertake such a review in this case because the transcript and exhibits were apparently never submitted to the trial court for consideration and are not a part of the record. Indeed, at the hearing on the motion to vacate the arbitration award, the parties indicated that the tape recordings of the arbitration proceedings were mostly unintelligible and that the transcript was largely useless. Accordingly, the order entered by the trial court vacating the arbitration award in favor of RJFS must be reversed and the cause remanded for the trial court to conduct the de novo review contemplated by the arbitration provision. As it appears a transcript is effectively unavailable, the parties may follow the procedure outlined in Rule 10(d), Ala. RApp. P., to' create a substitute.
IV.
The claims asserted by Honea against RJFS were decided in arbitration pursuant to an arbitration provision in the client agreement entered into by the parties. The arbitrators entered an award in favor of RJFS, but, on Honea’s motion, the trial court vacated that award. RJFS argues that the trial court’s order should be reversed because the provision authorizing de novo review of the arbitration award by the trial court was effectively voided by the decision of the Supreme Court of the United States in Hall Street and because there were no valid grounds for vacating the arbitration award under § 10 of the FAA. However, because the holding of Hall Street is applicable only in a federal court and because the provision providing for de novo review of the arbitration award by the trial court is enforceable under state law, RJFS’s argument fails. However, because the trial court vacated the arbitration award before conducting the de novo review required by the arbitration provision and contemplated by the parties, its judgment is nevertheless reversed and the cause is remanded for the trial court to conduct a de novo review of the transcript and exhibits of the arbitration hearing and to enter a judgment based on that review.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
MURDOCK, J., concurs specially.

. NASD is now known as the Financial Industry Regulation Authority (“FINRA”).

. Section 11 of the FAA provides for the modification or correction of an arbitration award if there are mathematical or clerical errors and correction is needed to "effect the intent [of the award] and promote justice between the parties."

. At least one state, New Jersey, has enacted a statute specifically authorizing parties to expand the scope of judicial review of an arbitration award by contract. See N.J. Stat. Ann. § 2A:23B-4(c) (”[N]othing in this act shall preclude the parties from expanding the scope of judicial review of an award by expressly providing for such expansion in a record.”).

. In Cable Connection, Inc. v. DIRECTV, Inc., 44 Cal.4th 1334, 1350-54, 190 P.3d 586, 597- *1169 99, 82 Cal.Rptr.3d 229, 242-45 (2008), the Supreme Court of California likewise concluded that § 10 was a procedural provision and that it accordingly did not preempt California law governing the review of arbitration awards. That court further held that parties in California may alter the usual scope of review applied to arbitration awards by contract pursuant to California statutory and common law, notwithstanding Hall Street. 44 Cal.4th at 1340, 190 P.3d at 589, 82 Cal.Rptr.3d at 233 (“The California rule is that the parties may obtain judicial review of the merits by express agreement. There is a statutory as well as a contractual basis for this rule; one of the grounds for review of an arbitration award is that ‘[t]he arbitrators exceeded their powers.' ([Cal.Code Civ. Proc.,] §§ 1286.2, subd. (a)(4), 1286.6, subd. (b).) Here, the parties agreed that ‘[t]he arbitrators shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error.’ ”).

. Although, in Hall Street the Supreme Court of the United States did not agree with the appellant that the general policy requiring that arbitration agreements be enforced as they are written should trump the plain language of the FAA indicating that the grounds enumerated in § 10 are the exclusive grounds upon which an arbitration award may be vacated, 552 U.S. at 585-86, it has, even post-Hall Street, reiterated that courts and arbitrators must " 'give effect to the contractual rights and expectations of the parties.’" Stolt-Nielsen S.A. v. AnimalFeeds International Corp., - U.S. -, -, 130 S.Ct. 1758, 1774, 176 L.Ed.2d 605 (2010) (quoting Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)).