**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

May 30, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 05-10242

SIMON A. BULKO,

                                        Plaintiff-Appellee,

versus

MORGAN STANLEY DW INC.; SHANE KHUBCHANDANI,

                                        Defendants-Appellants.

**Appeal from the United States District Court**
**for the Northern District of Texas**

Before KING, BARKSDALE, and PRADO, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Morgan Stanley DW Inc., and Shane Khubchandani, a Morgan Stanley stockbroker (together, Morgan Stanley), appeal the summary judgment awarded Simon A. Bulko, vacating an arbitration award to Morgan Stanley. The district court held: one of the arbitrators was not properly qualified; and, therefore, the arbitration panel acted outside the scope of its authority. It ordered the dispute to be considered by a new arbitration panel. **REVERSED AND RENDERED.**

I.

In March 2002, pursuant to a customer agreement, Bulko initiated a National Association of Securities Dealers (NASD) arbitration against Morgan Stanley, stemming from Bulko's

stock-market loss of approximately $16 million within a 14-month period.  As part of the NASD process, the arbitration was pursuant to NASD rules.

For matters in which the amount in controversy exceeds $50,000, those rules require a three-member panel consisting of two public, and one non-public, arbitrators.  A non-public arbitrator "is an *attorney*, accountant, *or other professional* who has devoted 20 percent or more of his or her professional work, in the last two years, to clients who are engaged" in the securities industry. NASD Code of Arbitration Procedure § 10308(a)(4)(C)(amended 1984) (NASD Code) (emphasis added).

By a 14 October 2003 letter, the NASD advised the parties: the designated non-public arbitrator had withdrawn and was being replaced by Mary Beth Marshall; and the parties had the option of agreeing to proceed with only the two public arbitrators.  No party objected to Marshall.

In 1994, Marshall stated in her initial application to become a NASD arbitrator:  she was a shareholder with Munch Hardt Kopf Harr Dinan, P.C. (Munch); and her practice was commercial litigation, with an emphasis on securities law.  The 1994 disclosure form stated half of her practice consisted of securities work.  That form imposed a duty on Marshall to inform the NASD of any changes to her answers to the form's questions.  In 2000, Marshall informed the NASD she was no longer practicing law full

time; this was disclosed to the parties in the NASD's 14 October 2003 letter.

Following the panel's deciding in Morgan Stanley's favor, Bulko discovered Marshall had not practiced law since 1999, because she took inactive status that year with the Texas State Bar. As a result, this action contests the award, claiming the panel acted outside the scope of its authority because it was not properly constituted. Concluding Marshall was not qualified to serve as a non-public arbitrator, the district court granted Bulko summary judgment and directed the dispute to be heard by a new panel.

## II.

The merits of the arbitration panel's decision are not at issue. Instead, the sole issue is whether the district court erred in vacating the award by determining the panel acted outside the scope of its authority. (Morgan Stanley claims that, even if the award was properly vacated, the court abused its discretion by requiring the dispute to be heard by a new panel, instead of by the two non-challenged arbitrators and a new non-public one. Because the court erred in vacating the award, we do *not* reach this contention.)

A summary judgment is reviewed *de novo*, applying the same standard as the district court. ***Wyatt v. Hunt Plywood Co.***, 297 F.3d 405, 408 (5th Cir. 2002), *cert. denied*, 537 U.S. 1188 (2003). Such judgment is proper when "there is no genuine issue as to any

3

material fact and ... the moving party is entitled to a judgment as a matter of law".  FED. R. CIV. P. 56(c).  Our *de novo* review is conducted against the backdrop of the Federal Arbitration Act's (FAA) policy favoring the enforcement of arbitration agreements; the scope of our review of an arbitration award is extremely narrow.  ***Brook v. Peak Int'l Ltd.***, 294 F.3d 668, 672 (5th Cir. 2002).

Bulko claims, and the district court held, that FAA § 10(a)(4) permits vacating the award:  "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made".  9 U.S.C. § 10(a)(4).  Bulko maintains the panel acted outside the scope of its authority because Marshall was not qualified to serve as a non-public arbitrator.

### A.

After graduating from law school in 1988, Marshall started working at Munch.  She became a shareholder and remained there until 31 December 1997, when she became of counsel, continuing in that capacity until the end of 2003 (the record does not describe any activities she undertook in that position).  She was not treated as a Munch employee after 31 December 1997 and performed no work for Munch after mid-1999.  That year, Marshall took inactive status with the Texas State Bar.

4

It is undisputed that Marshall's practice with Munch emphasized securities law. In June 2000, she notified the NASD she was not practicing law full time but still had an office at Munch. As noted, that updated disclosure was reflected in the 14 October 2003 NASD letter to the parties, which included a disclosure report detailing Marshall's qualifications: she stated she was of counsel to Munch, "although [she was] not currently practicing full time". (Arguably: this suggests she was practicing law to some extent, other than full time; and conflicts with the above-described evidence in the summary-judgment record, including taking inactive status in 1999 with the Texas State Bar.)

In May 2004, in connection with an unrelated arbitration for which Marshall was serving as the non-public arbitrator, she submitted an updated disclosure report stating: her Munch of-counsel position ended 31 December 2003; and she had taken inactive status with the Texas State Bar. Nevertheless, the NASD continued classifying Marshall as a non-public arbitrator due to her employment history.

1.

An arbitration agreement is a contract; accordingly, arbitrators must be selected pursuant to the method provided in it. *Brook*, 294 F.3d at 672. Courts do not hesitate to vacate an award when an arbitrator is not selected according to the contract-specified method. *Id.* at 673.

5

For example, in **Brook**, the contract required the American Arbitration Association (AAA) to submit a list of nine names as potential arbitrators and instructed the parties "alternately to strike names from the list until only one remained". **Id**. Instead, the AAA provided a list of 15 arbitrators and told the parties to strike the unacceptable names and then rank by preference the "remaining candidates". **Id**. (but holding failure to object constituted waiver); *see* **Cargill Rice, Inc. v. Empresa Nicaraguense Dealimentos Basicos**, 25 F.3d 223 (4th Cir. 1994) (vacating award where arbitration agreement called for appointment of arbitrators by mutual agreement, but arbitral body appointed panel without parties' input, despite objections); **Avis Rent A Car Sys., Inc. v. Garage Employees Union, Local 272**, 791 F.2d 22, 25 (2d Cir. 1986) (vacating award when arbitrator appointed by city mediation board instead of AAA, as contract required).

### a.

The above cases, however, are distinguishable from the situation at hand. They involve deviations from contract provisions prescribing the method for selecting arbitrators. Here, however, the customer agreement (contract) was not included by Bulko in the record on appeal. Nevertheless, it is undisputed that, in the customer agreement, the parties agreed to submit disputes to arbitration. The parties' subsequent Uniform Submission Agreement (submitting the matter to arbitration),

6

provides "the arbitration will be conducted in accordance with ... [NASD] Rules ... and/or NASD Code of Arbitration Procedure ...." Therefore, in the light of this record, we cannot say Marshall's selection violated a specific *method* of selection in the customer agreement (contract). Restated, based on this record, we cannot say the customer agreement incorporated NASD Rules. In any event, the rules' *method* for selection was followed. At issue is whether Marshall qualified to serve pursuant to that method. As discussed below, she did.

Concerning the NASD rules, when summary judgment was granted, the NASD continued classifying Marshall as a non-public arbitrator in the light of her employment history, although she had not practiced law since 1999. Although it is unclear whether the NASD had full disclosure from Marshall, this action was public information when the NASD continued to classify Marshall as a non-public arbitrator. Thus, it is reasonable to infer the NASD had available to it all relevant information regarding her. In addition, the NASD director of arbitration has discretion, when appointing arbitrators, to "make any decision ... consistent with the purposes of [the NASD arbitration code] to facilitate the appointment of arbitration panels and the resolution of arbitration disputes". NASD Code § 10308(e).

Again, a non-public arbitrator is "an *attorney*, accountant, *or other professional* who has devoted 20 percent or more of his or her

*professional work*, in the last two years, to clients who are engaged" in the securities industry. *Id.* § 10308(a)(4)(C) (emphasis added). Contrary to Bulko's contention, and as reflected in the foregoing provision, the NASD Code does not limit non-public arbitrator eligibility to practicing attorneys-at-law. Rather, § 10308(a)(4)(C) provides that *attorneys*, among others, who have devoted a certain amount of their *professional activity* to securities related matters qualify as non-public arbitrators. "Attorney", of course, encompasses more than practicing law. An attorney is "one ... designated to transact business for another; a legal agent". BLACK'S LAW DICTIONARY 138 (8th ed. 2004). Thus, it is not clear Marshall's inactive-member-of-the-bar status precludes her satisfying § 10308(a)(4)(C)'s plain language, even absent the NASD arbitration director's discretion to facilitate arbitration to further the Code's purposes. In fact, as discussed, Marshall's 2004 updated disclosure was in connection with another arbitration panel for which she was serving as a non-public arbitrator.

In the absence of a specific agreement to the contrary, determining Marshall's qualifications and eligibility is a matter left to the NASD. *See **Howsam v. Dean Witter Reynolds, Inc.***, 537 U.S. 79, 85 (2002) (holding NASD, not court, determines the application of NASD rules because NASD has more expertise). Because the parties' agreement (contract) did not have a specific method-of-selection clause, appointing Marshall as the panel's non-

8

public arbitrator was arguably not a departure from their agreement. It called for any dispute to be decided by NASD arbitration. For disputes involving more than $50,000, NASD arbitration rules call for an arbitration panel consisting of two public arbitrators and one non-public arbitrator. That is what Bulko and Morgan Stanley received, with the NASD classifying Marshall as the non-public arbitrator.

b.

Assuming, *arguendo*, that Marshall's selection contradicted the parties' agreement, it was, at most, a trivial departure not warranting vacatur. *See* **Brook**, 294 F.3d at 673; **R.J. O'Brien & Assoc., Inc. v. Pipkin**, 64 F.3d 257 (7th Cir. 1995). Based on her work experience, Marshall fulfilled the purpose of a non-public arbitrator, which is to serve as an industry insider on the arbitration panel. And, as discussed, the NASD continues to classify Marshall as a non-public arbitrator due to that experience. Lacking a specific method-of-selection clause in the relevant contract, and in the light of the strong federal policy favoring arbitration contracts, any error in selecting Marshall was trivial.

B.

Because the district court erred in vacating the award, we need not decide whether, by failing to raise the issue pre-award, Bulko waived objecting to Marshall's serving as a non-public

9

arbitrator. It is worth noting, however, that the parties were aware, pre-arbitration, that Marshall was not practicing law full time. Yet, no party asked for any further information; nor, apparently, did any party independently investigate until post-award. Marshall's disclosure should have put the parties on notice of any potential issue with her qualifications. Likewise, the parties were aware her position with Munch was of counsel, a loosely-defined term that describes a wide variety of arrangements. BLACK'S LAW DICTIONARY 375 (8th ed. 2004). Marshall's of-counsel title did *not* guarantee she was performing any work. Despite Bulko's contention that Marshall could not have been practicing as an attorney after 1999, nothing in the record disputes her serving as of counsel until the end of 2003. In sum, pre-arbitration, the parties were on notice of any potential claims regarding Marshall's qualifications as a non-public arbitrator.

## III.

For the foregoing reasons, the arbitration award was improperly vacated by the district court; accordingly, the summary judgment is **REVERSED** and judgment reinstating the award is **RENDERED** for Morgan Stanley DW Inc., and Shane Khubchandani.

*REVERSED AND RENDERED*