**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-50510

JOANNA MCGLOTHIN NAVARRO, individually and on behalf of The Estate
of Ricardo Navarro, deceased; CHRIS NAVARRO, and all beneficiaries
entitled to recover under the Texas Wrongful Death Act for the death of
Ricardo Navarro, deceased; ALAN NAVARRO, and all beneficiaries entitled
to recover under the Texas Wrongful Death Act for the death of Ricardo
Navarro, deceased

Plaintiffs-Appellants

v.

SOARING HELMET CORP; VEGA HELMET CORPORATION; MHR
CORPORATION LTD JIANGMEN PENCHENG HELMETS LTD IND PARK
EAST GONGHE TOWN HESHAN JIANGMEN CITY GUANDONG PR

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-1004

Before GARWOOD, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricardo Navarro ("Navarro") died in a motorcycle accident. His family

("Plaintiffs") brought a products liability action against Soaring Helmet Corp.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

("Soaring Helmet"), alleging that Navarro died from a head injury due to his defective helmet. The district court granted Soaring Helmet's "no evidence" summary judgment motion, determining that Plaintiffs failed to present sufficient evidence such that a reasonable jury could conclude that Navarro died from a head injury. We reverse.

We review a district court's summary judgment order de novo. *Morris v. Equifax Info. Servs., L.L.C.*, 457 F.3d 460, 464 (5th Cir. 2006). Summary judgment is appropriate when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Bulko v. Morgan Stanley DW, Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).

Our review of the record demonstrates that Plaintiffs presented sufficient evidence to survive summary judgment. Plaintiffs submitted testimony of the funeral director who performed the embalming procedure on Navarro's body, the EMS technician who examined Navarro at the scene of the accident, and a forensic pathologist who studied Navarro's accident. All of the witnesses provided evidence cumulatively sufficient to support a finding that Navarro died from a head injury and not a chest injury.

Even in light of this evidence, the district court concluded that Plaintiffs had presented "no evidence" such that a reasonable jury could determine that Navarro died from a head injury. However, in the very same order, the district court acknowledged that based on the evidence Plaintiffs presented, "[i]t is not seriously disputable that Navarro suffered serious trauma to his head." Thus, it appears that the district court improperly weighed the evidence instead of determining simply whether there was a material fact in dispute. *See EEOC v. R.J. Gallagher Co.*, 181 F.3d 645, 652 (5th Cir. 1999) (noting that the parties presented "a factual dispute which must be resolved by the ultimate fact finder,

not by the judge on summary judgment"). Further, on summary judgment, the district court should have viewed all evidence in favor of the non-moving party, meaning that the court should have credited Plaintiffs' evidence that Navarro died solely from a head injury. *See Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008). That is, Plaintiffs presented medical evidence that Navarro suffered a fatal head injury, and the court improperly discounted the strength of this evidence by ruling that Plaintiffs had presented "no evidence" to support its claim that Navarro died from a head injury. *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 436 (5th Cir. 2005) (noting that a district court cannot make credibility determinations or weigh the evidence when deciding a summary judgment motion). Thus, there is a material fact in dispute regarding the cause of Navarro's death, and it is up to a jury to resolve this dispute.[1]

Accordingly, we REVERSE the district court's grant of summary judgment and REMAND for further proceedings.

REVERSED and REMANDED.

---

[1] At oral argument and in its brief, Soaring Helmet's main contention was that Plaintiffs failed to provide specific citations to the evidence in question in their summary judgment response. To the contrary, the record demonstrates that Plaintiffs adequately supported their assertions. Further, the district court noted that it was considering all of the documents, as well as "the case file as a whole," in ruling on the summary judgment motion.