*271 PRISCILLA R. OWEN, Circuit Judge,
concurring:
I fully join the panel quorum’s opinion and judgment. I write further only to set forth an additional basis for affirming the district court’s decision to enforce the arbitrator’s award, with the exception of the district court’s determinations regarding the pre- and post-judgment interest issues.
Even if P.A.M. could demonstrate conclusively that the arbitrator was removed from the AAA’s Roster before the final award was entered, P.A.M. would not be entitled to vacatur on that basis. Under 9 U.S.C. § 10(a)(4), an arbitration award may be vacated “where the arbitrators exceeded their powers.”
“Arbitration is a matter of contract: The powers of an arbitrator are dependent on the provisions under which the arbitrators were appointed.”[1] “Where arbitrators act ‘contrary to express contractual provisions,’ they have exceeded their powers.”[2] “If the contract creates a plain limitation on the authority of an arbitrator, [this court] will vacate an award that ignores the limitation.”[3] “Where limitations on the arbitrator’s authority are uncertain or ambiguous, however, ‘they will be construed narrowly.’ ”[4] As “the FAA narrowly restricts judicial review of arbitrators’ awards,”[5] “[a] reviewing court .examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration.” [6] The award should be confirmed if the arbitrator is arguably acting within the scope of his authority.[7]
The Plan requires that the arbitration be “administered by the [AAA] under its then-current National Rules for the Resolution of Employment Disputes ... before an arbitrator from the [AAA].” It is at best ambiguous whether this language requires that an arbitrator who was on the Roster throughout the duration of the arbitration proceedings also be on the Roster at the time he enters the award. The plain terms require merely that the arbitration be administered by an arbitrator from the AAA.
The meaning of the phrase “an arbitrator from the [AAA]” does not clearly require that an arbitrator selected from the Roster remain on that Roster until after the arbitrator’s decision is issued. The phrase could reasonably be interpreted to require that the arbitrator be selected pursuant to the AAA’s rules. It is far from clear that this provision states a limitation on the authority of the arbitrator in the unexpected event that he is removed from the Roster after the arbitration proceedings have concluded.[8]
*272 Even if P.A.M. is correct that “an arbitrator from the [AAA]” specifies ongoing qualification requirements rather than a selection method, it has still failed to demonstrate that “an arbitrator from the [AAA]” means exclusively an arbitrator listed on the Roster. The phrase could also be understood to require that the arbitrator’s continued assignment to this particular arbitration be sanctioned by the AAA, and P.A.M. has presented no evidence that removal from the Roster automatically means that the AAA no longer sanctions the arbitrator’s continued service on previously appointed panels.[9] In fact, the AAA’s Roster management practices indicate that the Roster is primarily used for future arbitration assignments. The AAA rotates arbitrators off the Roster regularly for a variety of reasons,[10] some of which have nothing to do with the particular arbitrator but rather respond to regional needs or involve the need for arbitrators with a focus in a particular area of law.
The Plan expressly incorporates the rules of the AAA. This court has previously held, in addressing an arbitrator’s qualification under NASD rules, that “[i]n the absence of a specific agreement to the contrary, determining [an arbitrator’s] qualifications and eligibility is a matter left to the NASD.”[11] The AAA’s Rules provide that disqualification decisions are at its discretion.[12] Because the Plan does not clearly speak to this specific situation, the AAA’s Rules are relevant.[13] Under the AAA’s Rule 12(b), the arbitrator must be qualified when designated.[14] Rule 16, in turn, lists the grounds for disqualification, which include: (1) partiality or lack of independence; (2) inability to perform duties with diligence and in good faith; and (3) any other grounds provided by *273 applicable law.[15] Notably, removal from the Roster alone is not an available ground for disqualification of a previously appointed arbitrator. Accordingly, P.A.M. has not demonstrated that the arbitrator was not sanctioned by or “from the [AAA]” at the time he entered the award, even if he was removed from the Roster. The AAA’s refusal to rule on the matter further supports this conclusion.

. Apache Bohai Corp. LDC v. Texaco China BV, 480 F.3d 397, 401 (5th Cir.2007) (internal quotation marks omitted) (quoting Brook v. Peak Int'l, 294 F.3d 668, 672 (5th Cir.2002)).

. Id. (quoting Delta Queen Steamboat Co. v. AFL-CIO, 889 F.2d 599, 604 (5th Cir.1989)).

. Id.

. Id. at 402 (quoting Action Indus., Inc. v. U.S. Fid. & Guar. Co., 358 F.3d 337, 343 (5th Cir.2004)).

. Positive Software Solutions, Inc. v. New Century Mortg. Corp., 476 F.3d 278, 280 (5th Cir.2007) (en banc).

. Apache Bohai, 480 F.3d at 402 (quoting Action Indus., 358 F.3d at 343).

. Teamsters Local No. 5 v. Formosa Plastics Corp., 363 F.3d 368, 371 (5th Cir.2004).

. See Zeiler v. Deitsch, 500 F.3d 157, 166-167 (2d Cir.2007) (concluding that an arbitration agreement that specifically listed three arbitrators who were to compose the arbitration panel did not "state a limitation on the authority of the panel to continue in the unexpected event that one of the members might resign”); but see El Vocero De Puerto Rico v. Union De Periodistas, 532 F.Supp. 13, 14-16 (D.P.R.1981) (concluding, after considering *272 extrinsic evidence to ascertain the parties’ intent, that the parties agreed that the arbitrator be an employee of the Conciliation and Arbitration Bureau and that this presupposed that the requirement be maintained at all pertinent times because it would be illogical to insist on this matter at the time of selection but not at "such important occasions as when [the arbitrator] weighs the evidence, makes up his mind and issues his award”).

. See United Transp. Union v. Gateway W. Ry. Co., 284 F.3d 710, 713 (7th Cir.2002) (suggesting that the National Mediation Board could remove an arbitrator from its Roster while not removing him from any existing panels).

. According to the AAA, an arbitrator may be removed for various reasons, including: (1) career change requiring resignation; (2) failure to meet all training requirements; (3) unsuccessful participation or performance in training programs; (4) a dearth of cases in the arbitrator’s area of expertise or geographical location; (5) unprofessional conduct; (6) failure to make appropriate and sufficient disclosures on a case; (7) failure to manage the arbitration process effectively and efficiently; (8) higher fees or inconsistent billing practices; and (9) failure to act in accordance with AAA Rules and procedures. India Johnson, Reality vs. Myth: The Truth About Management of the AAA Commercial Roster (March 2003), http://www.adr.org/si.asp?id= 3523.

. Id. Rule 16(a).

. Bulko v. Morgan Stanley DW Inc., 450 F.3d 622, 626 (5th Cir.2006).

. See American Arbitration Association, Employment Arbitration Rules and Mediation Procedures, Rule 16(b) (July 1, 2006), http:// www.adr.org/sp.asp?id=36105 ("Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.”).

. Id. Rule 1 ("The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association....”).

. Id. Rule 12(b).