

# NUMBER 13-18-00272-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PLAINSCAPITAL BANK,                                                              Appellant,

v.

BLANCA E. GONZALEZ AND
JOSE S. RODRIGUEZ,                                                              Appellees.

On appeal from the 139th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant PlainsCapital Bank (PCB) challenges the trial court's order confirming an arbitration award in favor of appellees Blanca E. Gonzalez and Jose S. Rodriguez (collectively Gonzalez). By three issues, which we construe as one, PCB argues that the

trial court erred in confirming the arbitrator's award because the arbitrator it appointed was contrary to the parties' agreement and lacked jurisdiction to arbitrate the parties' dispute. We reverse and remand.

## I. BACKGROUND

This case is before the Court for a second time. Previously, in *PlainsCapital Bank v. Gonzalez,* No. 13-16-00700-CV, 2017 WL 3771739, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2017, no pet.) (mem. op.), we reversed the trial court's order denying PCB's motion to compel arbitration and remanded for entry of an order compelling the parties to arbitrate. The facts as we previously stated have not changed. *See id.*

Thereafter, the parties filed competing motions to compel arbitration. In its motion filed on September 8, 2017, PCB requested that the trial court compel arbitration consistent with the parties' agreement, which provided for arbitration to be governed by the American Arbitration Association's Commercial Arbitration (AAA) rules. Two days later, in response, Gonzalez declared an impasse and requested that the trial court appoint an arbitrator from a list of three potential arbitrators that Gonzalez selected. Gonzalez cited the Federal Arbitration Act (FAA), arguing that if the parties disagreed on an arbitrator, then the trial court would appoint one. *See* 9 U.S.C.A. § 5 (providing that if there is a lapse in the naming of an arbitrator or if the parties fail to avail themselves of the method of appointing an arbitrator as stated in their agreement, the court shall, upon the application of a party to the controversy, designate and appoint an arbitrator).

The trial court held a hearing on the parties' competing motions on September 25, 2017. At the hearing, PCB argued that AAA "would have the authority to administer who

the arbitrator is going to be in this particular case." Gonzalez maintained that the trial court should appoint an arbitrator pursuant to the FAA.

On October 13, the trial court granted Gonzalez's motion and ordered the parties to arbitrate before Gonzalez's second-choice arbitrator, thereby denying PCB's motion.[1] The arbitrator granted summary judgment in favor of Gonzalez, and Gonzalez filed a motion requesting that the trial court confirm the arbitration award. PCB requested that the trial court vacate the arbitration award, arguing that the trial court failed to follow the arbitrator-selection process specified in the AAA rules. The trial court denied PCB's motion and entered a final judgment confirming the arbitration award. This appeal followed.

## II.  ARBITRATION

PCB argues that the trial court erred by confirming the arbitrator's award because the trial court appointed an arbitrator contrary to the parties' agreement. Gonzalez asserts that "PCB waived any argument that a different arbitrator should have been selected or a different method used" because "there was never an objection prior to the Court's appointment of an arbitrator" and "there was never an objection during the hearing." We disagree with Gonzalez.

### A.  Waiver

First, PCB filed a motion to compel arbitration in accordance with AAA rules, which provided for the selection of an arbitrator, while Gonzalez urged the trial court to appoint an arbitrator that Gonzalez recommended. The trial court held a hearing on the parties' competing motions. At the hearing, PCB again argued that the parties' agreement called

---

[1] The arbitrator was not on the AAA national roster of arbitrators and was not appointed by the AAA.

3

for AAA rules: "Your honor, you know, my position would be that [AAA] would have the authority to administer who the arbitrator is going to be in this particular case. I mean, I think the promissory notes call for that." Gonzalez raised the same argument initially asserted in Gonzalez's motion: "[I]f there's no agreement between the parties, then the Court will appoint an arbitrator."

After taking the matter under advisement, the trial court granted Gonzalez's motion to compel arbitration and appointed an arbitrator that Gonzalez previously recommended in Gonzalez's motion. We hold that this was an adverse ruling. *See* TEX. R. APP. P. 33.1(a) (requiring an express or implied ruling); *see also In re Lennar Homes of TexasSales & Mktg., Ltd.*, No. 02-15-00174-CV, 2015 WL 4366046, at *2 (Tex. App.—Fort Worth July 15, 2015, no pet.) (holding that a trial court's order designating a non-AAA arbitrator was an adverse ruling sufficient to preserve error). Because arbitration in this case took place under compulsion at the conclusion of district court proceedings, and because PCB raised the issue on more than one occasion during the district court proceedings, we find that the objection to the arbitrator selection was preserved, and we may thus reach the issue. *Guillen-Chavez v. ReadyOne Industries, Inc.*, 588 S.W.3d 281, 286 (Tex. App.—El Paso 2019, pet. filed) (providing that the complaint of an out-of-town arbitrator was preserved where the appellant raised the issue in district court before arbitration proceedings).

Gonzalez further argues that PCB waived its complaint because it cooperated with the trial court and opposing counsel in the arbitration process. However, PCB had already filed a motion to compel arbitration in accordance with AAA rules; the trial court held a contested hearing regarding the matter; and the trial court ruled adversely to PCB's motion and position at the hearing. Thus, PCB's attempt to comply with the trial court's

4

order without agreeing to the ruling itself is not an express or implied waiver. *See In re Lennar Homes of TexasSales & Mktg., Ltd.*, 2015 WL 4366046, at *2 (holding that a motion to appoint an AAA mediator, a contested hearing on that motion, an adverse ruling, and subsequent compliance with the trial court's ruling is not an express or implied waiver). Therefore, we hold that PCB did not waive its complaint.

## B.    Applicable Law

Arbitrators derive their power from the parties' agreement to submit to arbitration. *City of Pasadena v. Smith*, 292 S.W.3d 14, 20 (Tex. 2009). They have no independent source of jurisdiction apart from the parties' consent. *Americo Life, Inc. v. Myer*, 440 S.W.3d 18, 21 (Tex. 2014). Accordingly, arbitrators must be selected pursuant to the method specified in the parties' agreement. *Id*. An arbitrator selected contrary to the method in the parties' agreement lacks jurisdiction over the dispute. *Id*. Accordingly, courts "do not hesitate to vacate an award when an arbitrator is not selected according to the contract-specified method." *Bulko v. Morgan Stanley DW, Inc*., 450 F.3d 622, 625 (5th Cir. 2006); *see Americo*, 440 S.W.3d at 21. Thus, we look to the agreement to determine what the parties specified concerning the arbitrator-selection process. *See Americo*, 440 S.W.3d at 21.

## C.    Discussion

In support of Gonzalez's argument, Gonzalez relies on the FAA, which provides that a substitution process should be invoked by the trial court when some mechanical breakdown in the arbitrator selection process occurs or when the parties reach an impasse in making their selection. *See* 9 U.S.C.A. § 5. However, § 5 of the FAA sets out that if the method of naming or appointing an arbitrator is provided in the parties'

5

agreement, then that method shall be followed. *Id*. Here, the parties' agreement states that the AAA rules "will govern the selection of the arbitrator and the arbitration process." AAA rule 11 provides a method for appointment of an arbitrator as follows:

> If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner . . . the AAA shall send simultaneously to each party to the dispute an identical list of 10 . . . names of persons chosen from the National Roster.
>
> . . .
>
> If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA.
>
> . . .
>
> If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the National Roster without the submission of additional lists.

COMMERCIAL RULES OF THE AMERICAN ARBITRATION ASSOCIATION, Rule 11 (2007). Here, the parties agreed that the AAA rules would govern the administration of the arbitration, so they are bound by the procedure for appointing an arbitrator as stated in Rule 11. Thus, the trial court was required to use that method to appoint an arbitrator. *See* 9 U.S.C.A. § 5. However, the trial court appointed an arbitrator contrary to the express terms of the parties' agreement. The arbitrator, therefore, exceeded his authority when he resolved the parties' dispute. *See Americo*, 440 S.W.3d at 21; *City of Pasadena*, 292 S.W.3d at 20. Because the arbitrator did not have authority to render an award, he exceeded his authority, and the arbitration award must be vacated. *See* 9 U.S.C.A. §10(a); *Americo*, 440 S.W.3d at 25; *Bulko*, 450 F.3d at 625. Accordingly, we sustain PCB's issue. We

reverse the trial court's order confirming the arbitration award and remand the case to the trial court with instructions to vacate the award and appoint an arbitrator in accordance with the AAA rules as agreed to by the parties. *See Builders First Source-S. Tex. LP. v. Ortiz*, 515 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("Because the agreement between the parties states that they will conduct the arbitration under the AAA, the parties must go through the AAA appointment process for selection of a new arbitrator.").

### III. CONCLUSION

We reverse the trial court's judgment confirming the arbitration award and remand the case to the trial court for further proceedings consistent with this opinion.

JAIME TIJERINA,
Justice

Delivered and filed the
5th day of March, 2020.

7