# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30797

United States Court of Appeals
Fifth Circuit

**FILED**
March 26, 2014

Lyle W. Cayce
Clerk

ROBIN N. COOLEY,

Plaintiff-Appellee

v.

HOUSING AUTHORITY OF THE CITY OF SLIDELL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellant the Housing Authority of the City of Slidell ("SHA") appeals the district court's summary judgment in favor of Plaintiff-Appellee Robin N. Cooley. The district court ruled that the SHA acted arbitrarily and capriciously in terminating Cooley's rental assistance benefits under the Housing Choice Voucher Program ("Section 8") for failure to attend an annual recertification meeting. In reaching that conclusion, the court found that the SHA had failed to consider the totality of the circumstances, including the facts that Cooley's mother had recently died and that Cooley contacted the SHA immediately after receiving its notice. We affirm.

No. 13-30797

## I. FACTS AND PROCEEDINGS

Cooley received rental assistance from the United States Department of Housing and Urban Development through the Housing Choice Voucher Program ("Section 8").[1] Section 8 provides federal funds to subsidize the rent of eligible families. State government entities, called public housing agencies, administer Section 8. In 1997, Cooley began receiving assistance in Jefferson Parish, Louisiana. In 2009, she transferred her voucher to Slidell's program and signed a "Statement of Family Obligations" acknowledging specific program requirements, including participation in annual recertification hearings. Cooley participated in two such hearings with the SHA, one in May of 2010 and the other in May of 2011.

In March of 2012, Cooley's mother moved into Cooley's Slidell apartment while receiving hospice care and died there on March 29, 2012. Cooley and her children temporarily moved into her mother's former apartment in New Orleans East, approximately 30 miles west of Slidell, to wind up her mother's affairs. Cooley's children continued to attend school near her apartment in Slidell. She did not retrieve her mail until she moved back on April 18, 2012.

Meanwhile, the SHA had mailed a certified letter to Cooley, informing her that her annual recertification hearing would begin at 10:00 a.m. on April 17, 2012. The letter was addressed to Cooley at her home in Slidell, was dated April 9, 2012, and was postmarked April 11, 2012. It stated that Cooley could reschedule the hearing by contacting the SHA within three days after she received the letter. The United States Postal Service attempted to deliver the certified letter on April 12, 2012, and again on April 16, 2012, and on each occasion left a notice of their attempt at Cooley's Slidell home. She picked up that notice when she returned home on April 18, 2012. Because the post office

---

[1] 24 C.F.R. § 982.1(a)(1).

2

had closed, she was unable to retrieve the letter until the next day, April 19, 2012. Cooley went to the SHA's office that same day, but her caseworker refused to see her without an appointment, instructing her to return during walk-in hours the next day, April 20. Cooley complied. Although the record contains conflicting evidence and testimony concerning the information exchanged between Cooley and the SHA staff during the April 20 meeting, the district court found that, at a minimum, Cooley conveyed to the caseworker that she had failed to attend the recertification hearing because she did not receive the notification letter until after the meeting had taken place.

On April 24, 2012, the SHA notified Cooley that it would terminate her participation in Section 8, effective May 31, 2012, for her failure to attend the recertification hearing and for another unspecified program violation. The letter informed Cooley of her right to appeal the decision by requesting an informal hearing, in writing, within ten days. Cooley timely requested such a hearing.

Sheila Danzey, the SHA's Interim Executive Director, conducted Cooley's appeal hearing on May 15, 2012. On May 24, 2012, Danzey issued a decision letter upholding the termination. That letter described the basis of the termination as "violations of responsibilities 4, 5, and 6 of the Family Obligations Statement." The district court found, and the parties do not materially dispute, that the decision letter did not discuss facts related to Cooley's failure to comply with Family Obligations 5 or 6, involving prompt reporting of changes in income or household composition, but limited its discussion to Cooley's failure to comply with Family Obligation 4, involving compliance with annual reporting requirements. After recounting some of the evidence Cooley had presented in her defense at the hearing, the decision letter includes the following statements that could be considered factual findings in support of the termination decision:

According to your case manager, Ms. Dempsey[,] you never mentioned that you had [a] death in the family or that you were out of town as the reason you did not attend your scheduled appointment[.]

[. . .]

You have not demonstrated that you did not attend your appointment due to circumstances that were beyond your control. Your recertification appointment was scheduled three weeks after your mother passed which was ample time for you receive [sic] your mail and/or to contact this office to discuss the possibility of rescheduling your appointment. Your decision not to pick up your mail immediately upon receiving notice from the post office that you had certified mail from the Housing Authority was your own personal decision. The post office made two attempts (12th and 16th) to delivery [sic] your appointment to your door via certified mail.

The decision letter concluded by stating that the SHA's policy is to send a single certified letter to schedule a recertification appointment and that the SHA "does not have the resources to schedule and send multiple appointments for you to re-certify for assistance."

On September 26, 2012, Cooley filed suit in the United States District Court for the Eastern District of Louisiana, alleging that the termination violated her right to due process and was arbitrary and capricious.[2] The parties filed cross-motions for summary judgment. The district court granted Cooley's motion and ordered that she be reinstated to Section 8. This timely appeal followed.

---

[2] Cooley's Complaint also contained allegations that she had been denied an impartial decision maker in violation of her rights to due process and under the Federal Housing Act. Cooley has abandoned these claims and they are not at issue in this appeal.

No. 13-30797

## II. STANDARD OF REVIEW

We review an order granting summary judgment *de novo*, applying the same standards as the district court.[3] "Summary judgment is warranted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law."[4] When parties file cross-motions for summary judgment, we review "each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party."[5]

The United States Supreme Court has held that "when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts."[6] "To determine Louisiana law, we look to the final decisions of Louisiana's highest court. In the absence of a final decision by that court addressing the issue at hand, a federal court must determine, in its best judgment, how the state's highest court would resolve the issue if presented with it."[7] The Louisiana Supreme Court has not yet addressed the preclusive effects of agency decisions in this precise context.[8] Making its *Erie*

---

[3] *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013).

[4] *Id.* (quoting *DePree v. Saunders*, 588 F.3d 282. 286 (5th Cir. 2009)).

[5] *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).

[6] *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986) (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)) (internal citation and quotation marks omitted).

[7] *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003)).

[8] Although the parties make reference to the Louisiana Administrative Procedure Act (LAPA) in discussing the appropriate level of deference, that Act does not apply because the SHA is a political subdivision of the State. La. Rev.

No. 13-30797

guess, the district court applied the standard articulated by the Louisiana Court of Appeal for the First Circuit, which stated that an agency action may be upheld when it is "[s]upported by substantial evidence, in that the action was not arbitrary or capricious or an abuse of discretion."[9] In making our own *Erie* guess *de novo*, we apply the same standard.

## III. ANALYSIS

Among her arguments in favor of reversing the SHA's termination and affirming the district court, Cooley points to the fact that she complied with the SHA's requirements specifically communicated to her by contacting the SHA within three days of her *receipt* of the letter and attempting to reschedule the recertification appointment. This is so because the SHA's certified letter was not delivered on April 12 or April 16; only the notice of attempted delivery was delivered. Cooley therefore did not *receive* the SHA's letter notifying her of her recertification appointment until she picked it up at the post office on April 19; she then tried to reschedule on that very day. We hold that Cooley followed the SHA's requirements and that the SHA's contrary decision is

---

Stat. § 40:384(16) (public housing authorities are political subdivisions); La. Const. art. VI, §44 (defining "political subdivision"); La. Rev. Stat. § 49:951(2) (excluding political subdivisions from the definition of "agency" covered by LAPA). If LAPA did apply, we would owe substantial deference to the factual findings made by the Eastern District of Louisiana, and not to the SHA's factual findings. *See* La. Rev. Stat. § 49:964(F)-(G). Because the LAPA does not apply, the Louisiana Constitution governs Cooley's claims insofar as it guarantees a right to judicial review even in the absence of statutory authorization. *See* La. Const. art. I, §§ 2, 22; *Loop, Inc. v. Collector of Revenue*, 523 So. 2d 201 (La. 1987).

[9] *Tanner v. City of Baton Rouge*, 422 So. 2d 1263, 1266 (La. Ct. App. 1982).

No. 13-30797

arbitrary and capricious.[10] As this disposes of the case, we do not address the parties' remaining contentions.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[10] Ironically, the SHA was eight days late in mailing its initial notice to Cooley, thereby violating its own deadline established in its Administrative Plan.