# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10034

ALFRED FIELDS; LISA FIELDS,

        Plaintiffs - Appellants

v.

JP MORGAN CHASE BANK, N.A.,

        Defendant - Appellee

MICHAEL VARRICHIO; JILL VARRICHIO,

        Intervenor Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-12

Before  OWEN, GRAVES, and HIGGINSON, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:*

        This case concerns a mortgage-foreclosure dispute arising under Texas state law. Plaintiffs Alfred and Lisa Fields appeal a district court order dismissing their claims for violation of the Texas Debt Collection Act ("TDCA")

---

       * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10034

pursuant to Texas Financial Code §§ 392.303(a), 392.304(a)(8), and 392.304(a)(19). We **AFFIRM**.

### FACTUAL AND PROCEDURAL BACKGROUND

In August 2001, the Fieldses purchased a home in Arlington, Texas. Alfred Fields executed a promissory note and both of the Fieldses signed a deed of trust. The Fieldses' deed of trust specifically states that "Lender may collect fees and charges authorized by the Secretary." Similarly, the promissory note states that the "Lender may collect a late charge in the amount of FOUR percent (4.000 %) of the overdue amount of each payment." The note also provides that if the "Lender has required immediate payment in full . . . Lender may require Borrower to pay costs and expenses including reasonable and customary attorney's fees for enforcing th[e] Note to the extent not prohibited by applicable law." Additionally, "[s]uch fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note."

Subsequently, the Fieldses encountered financial hardship. Mr. Fields stated in an affidavit that in February 2010, he was told by a representative of Chase not to make any mortgage payments in order to show the need for a loan modification. He alleged that he attempted to make mortgage payments, but that Chase would not accept them. The Fieldses allege that Mr. Fields called Chase multiple times, and each time was told that the bank was working on their modification and that the foreclosure sale would be postponed.

On February 11, 2011, Chase sent Alfred Fields a letter indicating that he was ineligible for a modification through the federal Home Affordable Modification Program ("HAMP") or any Chase modification program because of his purported failure to provide required documents. On May 4, 2012, Chase again denied Mr. Fields's request for a loan modification. On May 18, 2011, Chase sent Alfred Fields an acceleration warning and a notice of intent to foreclose. On December 17, 2012, Chase's foreclosure counsel sent the Fieldses

2

No. 15-10034

a notice indicating that the balance on the loan had been accelerated and that the property had been scheduled for foreclosure sale on February 5, 2013. The foreclosure sale went forward as scheduled and Michael and Jill Varrichio purchased the property.

Thereafter, the Fieldses filed suit against Chase in state court contending that the foreclosure was wrongful. The Varrichios, as purchasers of the property, intervened in the suit. Subsequently, Chase removed the case to federal court. The district court entered a final judgment which granted the motions for summary judgment filed by Chase and the Varrichios. The district court disposed of the Fieldses' claims for breach of contract, unjust enrichment, negligent misrepresentation, and violations of the TDCA.[1] Additionally, the district court granted summary judgment in favor of the Varrichios as to the Fieldses' suit for quiet title against them. On appeal, the Fieldses maintain only their claims for violation of the TDCA.

## STANDARD OF REVIEW

This court reviews a district court's order granting summary judgment *de novo. LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386-87 (5th Cir. 2007) (citing *Morris v. Equifax Info. Servs., L.L.C.*, 457 F.3d 460, 464 (5th Cir. 2006)). "Summary judgment is appropriate when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id.* (citing FED. R. CIV. P. 56(c); *Bulko v. Morgan Stanley DW, Inc.*, 450 F.3d 622, 624 (5th Cir. 2006)).

---

[1] The final judgment disposed of the Fieldses' claims raised only in their response to Chase's motion for summary judgment.

No. 15-10034

## DISCUSSION

The Fieldses contend that the district court erred in granting summary judgment as to their claims for violation of the Texas Finance Code.[2]

### A. Texas Finance Code § 392.303(a)(2)

The Texas Finance Code at § 392.303(a)(2) provides:

(a)    In debt collection, a debt collector may not use unfair or unconscionable means that employ the following practices: . . . (2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

Tex. Fin. Code § 392.303(a)(2).

The Fieldses acknowledge that Chase "may be authorized, by the deed of trust and note to charge inspection fees or corporate advances as well as miscellaneous fees." Nevertheless, the Fieldses make the conclusory allegation that Chase charged "unreasonable fees" including statutory expenses, property preservation fees, title report fees, and foreclosure expenses. The Fieldses, however, do not provide any evidence which would suggest that the fees are

---

[2] The Fieldses' sole cause of action against the Varrichios in the district court was a suit to quiet title. "The elements of a suit to quiet title are (1) plaintiff has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable." *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. Ct. App. 2013). The Fieldses, however, do not address the Varrichios at any point in their appellate briefing. "Failure adequately to brief an issue on appeal constitutes waiver of that argument." *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n. 1 (5th Cir. 2004) (citing FED. R. APP. P. 28(a)(9)(A); *United States v. Martinez*, 263 F.3d 436 (5th Cir. 2001) (noting the rule); *United States v. Thames*, 214 F.3d 608, 611 n. 3 (5th Cir. 2000) (waiver for failure to include argument in statement of issue or body of brief); *L&A Contracting Co. v. S. Concrete Servs.*, 17 F.3d 106 (5th Cir. 1994) (waiver for failure to cite authority); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (failure to argue issue adequately); *United States v. Torres–Aguilar*, 352 F.3d 934, 936 n. 2 (5th Cir. 2003) (argument deemed abandoned by appellant "only briefly mentioning it in a footnote of his opening brief without providing any legal citation or analysis")). Therefore, summary judgment is also affirmed as to the quiet title action against the Varrichios.

unreasonable or that the fees were not authorized by their loan agreement.[3] This court has held that a "general assertion of 'wrongful charges' is insufficient to state a claim under Section 392.303(a)(2)." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014). Moreover, this court has noted that "Section 392.303(a)(2) prohibits mortgage servicers from attempting to assess fees when such fees are not authorized by the [deed of trust]; it does not create a cause of action to challenge assessed fees as unreasonable." *Rucker v. Bank of Am., N.A.*, No. 15-10373, 2015 WL 7445448, at *2 (5th Cir. Nov. 20, 2015). Accordingly, the Fieldses failed to allege a violation of § 392.303(a)(2).

**B. Texas Finance Code § 392.304(a)(8)**

Section 392.304(a) of the Texas Finance Code prohibits the use of "fraudulent, deceptive, or misleading representation" by a debt collector including "(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code § 392.304(a)(8). The Fieldses allege the following misrepresentations: (1) Chase told them to stop making payments in order to qualify for a loan modification; (2) Chase told them that it would not foreclose during the modification process; (3) Chase overcharged them based upon their loan; (4) Chase misrepresented the character and amount of their debt; and (5) Chase agreed to provide them with a loan modification.

"To violate the TDCA using a misrepresentation, 'the debt collector must have made an affirmative statement that was false or misleading.'" *Verdin v.*

---

[3] Instead, they erroneously cite a provision in the deed of trust which states that the "Lender may take reasonable action to protect and preserve such vacant or abandoned Property." The cited provision does not deal with fees and the Fieldses failed to allege that the fees and charges included in their statements were unauthorized by the Secretary as permitted by the deed of trust.

*Fed. Nat'l Mortgage Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (citing *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013)). "Under Texas misrepresentation law, '[a] promise to do or refrain from doing an act in the future is not actionable. . . .'" *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 363 (5th Cir. 2014) (quoting *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. Ct. App. 2005)). An exception is if "'the promise was made with no intention of performing at the time it was made.'" *Id.* (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)). Nevertheless, "statements regarding loan modifications do not concern the 'character, extent, or amount of a consumer debt' under section 392.304(a)(8)." *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (quoting *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

Here, the alleged misrepresentations relate to either future action or the modification process. Regardless, the Fieldses failed to allege that any of Chase's purported statements were an actual misrepresentation. Thus, they are not actionable. Moreover, "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 328−29 (5th Cir. 2013) (citations omitted); *see also Williams*, 560 F. App'x at 241 (citing *Kruse*, 936 F.Supp.2d at 792) ("[T]he statute of frauds acts to bar certain claims of misrepresentation under the TDCA."). Finally, as noted above, the Fieldses failed to allege that they were charged any unauthorized fee. Accordingly, the Fieldses failed to allege a violation of § 392.308(a)(4).

**C. Texas Finance Code § 392.304(a)(19)**

Section 392.304(a) of the Texas Finance Code prohibits the use of "fraudulent, deceptive, or misleading representation" by a debt collector including "(19) using any other false representation or deceptive means to

collect a debt or obtain information concerning a consumer." Tex. Fin. Code § 392.304(a)(19). The Fieldses allege that Chase deceptively instructed them not to make any payments in order to qualify for a loan modification and that Chase erroneously told them the foreclosure sale was postponed because of their loan modification application. The Fieldses also allege that Chase refused to give them information about their loan modification and falsely claimed that they did not submit all of the necessary documentation.

Nevertheless, "[c]ommunications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its modification and thus they do not state a claim under Section 392.304(a)(19)." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). (citing *Singha v. BAC Home Loans Serv., L.P.*, 564 Fed. App'x. 65, 70–71 (5th Cir. 2014)). Moreover, for purposes of § 392.304(a)(19), the Fieldses have not alleged that Chase's promise to delay foreclosure was made without any intention of performing. Nor have the Fieldses alleged that Chase's statement that they needed to be delinquent in order to qualify for a loan modification was false. While this court has not announced a rule that modification discussions may never be debt collection activities, the alleged discussions here do not amount to a misrepresentation as to the character of the debt. *See Singha*, 564 F. App'x at 71. Accordingly, the Fieldses failed to allege a violation of § 392.304(a)(19).

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.