# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60171
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2016

Lyle W. Cayce
Clerk

BENTON ALEXANDER "ALEX" BYRNES,

Plaintiff - Appellant

v.

CITY OF HATTIESBURG, MISSISSIPPI,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:15-CV-19

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Alex Byrnes appeals the grant of summary judgment in favor of his employer, the City of Hattiesburg, Mississippi ("Hattiesburg"), on his discrimination claims under Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 1981, the Rehabilitation Act, and the Americans with Disabilities Act ("ADA"). Byrnes claims that he was discriminated against and suffered a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60171

hostile work environment because of his race and disability. Because Byrnes's evidence does not support a finding that the alleged discriminatory conduct was based on his race or disability, we AFFIRM.

## I. Background

Byrnes is a Caucasian with cerebral palsy. He works as a recreational specialist with the Hattiesburg Recreation Department, and, according to Byrnes, everyone he works with is African American. Byrnes alleges that in March of 2013, Michael Means, an African American employed by Hattiesburg, began harassing Byrnes because of his race and disability. Byrnes testified that Means threatened to steal his car, wreck his car, and, on at least one occasion, "straighten out" Byrnes's father because he was a racist. According to Byrnes, Means would sometimes sit in Byrnes's office for around thirty minutes or more blocking the pathway to his door and refusing to leave. Byrnes admits that Means never said anything about Byrnes's race or disability when harassing him.

Byrnes alleges that he complained to his immediate supervisor about the harassment, but things did not improve. Finally, in April of 2013, the harassment reached its peak. Means allegedly walked into Byrnes's office without saying anything, put his hands on Byrnes's chest, and pushed him. Byrnes stumbled backward but was able to brace himself with his cane to avoid falling to the ground. Following the pushing incident, Byrnes made an official complaint to the Director of Parks and Recreation about the harassment, and the harassment stopped. Nevertheless, Byrnes developed severe anxiety because, he contends, Hattiesburg still allowed Means to work in his building for two hours a day, and Byrnes feared that Means might physically accost him again. The anxiety became so severe that Byrnes eventually took a six-month leave of absence. Byrnes returned to his job with Hattiesburg in January of 2014, and there were no additional problems with Means.

No. 16-60171

Byrnes filed a discrimination suit against Hattiesburg in February of 2015. The district court granted summary judgment in favor of Hattiesburg. Byrnes timely appealed.

## II.  Standard of Review

We review "an order granting summary judgment *de novo*, applying the same standard as the district court." *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 297 (5th Cir. 2014). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Murray v. Earle,* 405 F.3d 278, 284 (5th Cir. 2005). However, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quotation marks and citation omitted). "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 433 (5th Cir. 2005) (quotation marks and citation omitted).

## III. Discussion

Byrnes claims that Means harassed him because of his race and disability and Hattiesburg failed to adequately redress the harassment, which created a hostile work environment in violation of Title VII, § 1981, the Rehabilitation Act, and the ADA.[1]  To establish a hostile work environment

---

[1] The district court dismissed all additional claims of discrimination asserted in Byrnes's response to Hattiesburg's motion for summary judgment because Byrnes failed to allege those claims in his complaint, stating: "Plaintiff also attempts to make out additional claims of discrimination on the part of Defendant, but these claims were not brought in the original Complaint and cannot be the basis for defeating summary judgment." Byrnes reasserts these claims on appeal. Although not entirely clear, Byrnes's appellate brief appears to include claims for failure to offer a reasonable accommodation under the ADA,

3

claim, a plaintiff must prove (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. [2] *See Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 234–36 (5th Cir. 2001) (extending Title VII hostile work environment jurisprudence to disability-based harassment claims under the ADA); *see also Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (noting that the discrimination analysis under both Title VII and § 1981 is the same); *Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 506 n.8 (5th Cir. 2002) (noting that a hostile work environment claim under the Rehabilitation Act changes only the third prong by requiring that the harassment be "based *solely* on [plaintiff's] disability or disabilities" (quotation marks omitted)).

Viewing the facts in a light most favorable to Byrnes, we conclude that Byrnes failed to create a genuine issue of material fact that he was harassed because of his race or disability. Byrnes claims that he can show both direct and indirect evidence of unlawful discrimination. The indirect evidence

---

negligent hiring, retaliation, and disparate treatment. The allegations in Byrnes's complaint, however, do not support these claims, and he never moved to amend his complaint. The only cause of action identified in the complaint is hostile work environment discrimination, and the only conduct complained of in the complaint is workplace harassment that Hattiesburg allegedly failed to adequately redress. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Accordingly, we do not address these purported claims further.

[2] Byrnes does not contend that Means qualified as a supervisor, so we need not address supervisory liability issues. *See, e.g., Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2442 (2013)(a Title VII case explaining that harassment by a supervisor does not require proving the fifth element but does allow an affirmative defense for the employer who exercised reasonable care to prevent and promptly corrected harassment but the employee failed to take advantage of preventative/corrective opportunities).

consists of nothing more than an observation that Byrnes is a Caucasian with cerebral palsy, which also makes him a racial minority at work, and that he was harassed by an African American. Without more, this evidence does not support a finding that Byrnes suffered race or disability-based harassment. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 652 (5th Cir. 2012) (concluding that a Caucasian employee threatening a Hispanic employee was "no[t] evidence that the event had anything to do with race"). Indeed, similar to *Hernandez*, Byrnes admitted that Means did not refer to his race or disability when harassing him. *See id.* Byrnes must come forward with more than speculation of unlawful harassment to survive summary judgment. *See Ramsey*, 286 F.3d at 269.

Byrnes also claims that Means called his father a racist and that this is direct evidence of racial discrimination. We disagree. Harassing someone because he is a racist (or the son of one) is not the same as harassing someone because of his race. Race is a physical characteristic, whereas racism is a prejudicial belief about someone because of his race. Byrnes failed to show that the alleged harassment based on racism had anything to do with Byrnes's race. As already discussed, merely observing that Byrnes is Caucasian and Means is African American is not enough to support a claim for race-based harassment. *See Hernandez*, 670 F.3d at 652.

By failing to create a fact issue about whether the harassment was based on his race or disability, Byrnes failed to satisfy his summary judgment burden. *See Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) ("To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action."). We therefore need not address Byrnes's remaining arguments that the harassment was sufficiently severe and pervasive to alter

the conditions of employment and that Hattiesburg knew of the harassment but failed to take prompt remedial action.

Accordingly, we AFFIRM the summary judgment in favor of Hattiesburg.