# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11346

STEVEN STRONG; JANET STRONG,

Plaintiffs - Appellants

v.

GREEN TREE SERVICING, L.L.C.,

Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2017

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1027

Before CLEMENT, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

In this diversity-jurisdiction case, Steven and Janet Strong claim that Green Tree Servicing, LLC,[1] violated the Texas Debt Collection Act ("TDCA") by informing Mr. Strong that he may be eligible to modify the mortgage on the Strongs' home despite a Green Tree policy indicating that a modification would never be granted. The district court granted summary judgment to Green

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Green Tree is now known as Ditech Financial, LLC. Because Ditech Financial never moved to amend the caption of this case, the district court continued to refer to it as "Green Tree." To maintain consistency with both the district court order and the caption of this case, this opinion refers to Ditech Financial as Green Tree.

No. 16-11346

Tree. The Strongs appeal the adverse summary judgment and also assert that the district court erred in denying both their motion for remand and their motion for leave to amend. For the reasons explained below, we AFFIRM.

## I. Background

In 2004, Mr. Strong took out a mortgage on the Strongs' home in Dallas County, Texas. Mr. Strong fell behind on the mortgage payments in June 2012, and the mortgage servicer at the time, Bank of America, sent him a notice of default and an application for the Home Affordable Modification Program. Mr. Strong completed the application and returned it to Bank of America in August 2012. One month later, the mortgage was transferred to Green Tree.

Thereafter, the Strongs and Green Tree engaged in a back and forth regarding bringing Mr. Strong's loan current, during which Green Tree indicated several times that Mr. Strong could apply for a loan modification. Ultimately, Mr. Strong received a letter from Green Tree dated December 19, 2012, informing him that he was ineligible for a modification because the "Texas constitution contains restrictions . . . related to loan-to-value ratio, capitalization, and balloon payments." The Strongs unsuccessfully appealed this determination internally at Green Tree. Prior to a final determination of the appeal, Green Tree sent a statement reflecting that the new monthly payment was $1,518.80, which was the amount the Strongs had been requesting to pay. The Strongs subsequently made a payment in that amount, which Green Tree accepted. Nevertheless, less than a month later, Green Tree sent a letter notifying the Strongs that the mortgage was still in default, the property would be referred for foreclosure, and the amount needed to cure the default was $35,979.01. The record indicates that the Strongs made no additional payments, but their home was never referred for foreclosure.

The Strongs filed suit in Texas state court on December 20, 2013,

2

alleging that Green Tree and Bank of America[2] violated three subsections of the TDCA, TEX. FIN. CODE ANN. § 392.304(a)(8), (14), (19), namely by misrepresenting that a modification to their mortgage might be an available option to cure the default. In response to special exceptions, they filed an amended petition stating the maximum amount of damages in controversy by specifying that the Strongs sought "monetary relief of $100,000 or less." *Cf.* TEX. R. CIV. P. 169 (requiring the "$100,000 or less" language to allow for expedited actions). The Strongs also sought injunctive relief ordering both a loan modification to prevent further TDCA violation and "the arrearage . . . to be deleted and/or capitalized . . . so that the loan is brought current." Green Tree did not remove to federal district court until after it received a response to its request for disclosure in which the Strongs explicitly indicated that they were seeking damages in excess of $75,000.

After the decision in *Sims v. Carrington Mortgage Services, L.L.C.*, 440 S.W.3d 10 (Tex. 2014), in which the Texas Supreme Court held that certain mortgage modifications were not barred by the Texas Constitution, the parties entered into a trial modification period from September to November of 2014 and then negotiated a permanent modification, which took effect on January 1, 2015. Nevertheless, the Strongs persisted in this lawsuit because, since they had gone some three years without making mortgage payments, there was a past due balance that was added to the note's principal, thereby causing the note balance to increase by $65,683.23. In August 2015, the Strongs moved for leave to amend their petition, but the district court denied their motion.

The Strongs subsequently learned in a deposition that Green Tree had an internal policy beginning in February 2011 to deny modifications to Texas home equity loans. The very next day, Green Tree moved for summary

---

[2] Bank of America was subsequently dismissed from this suit and is not a party on appeal.

judgment, which the district court granted because Green Tree's communications with the Strongs neither qualified as "debt collection" nor constituted misrepresentations about its services.

The Strongs now appeal, raising three issues: (1) whether the district court erred in denying their motion to remand; (2) whether the district court abused its discretion in denying their motion for leave to amend; and (3) whether the district court erred in determining that Green Tree's modification communications neither qualified as "debt collection" under the TDCA nor constituted misrepresentations about its services.[3]

## II. Standard of Review

"In reviewing a district court's denial of a plaintiff's motion to remand a case from federal court to state court, the Court of Appeals applies a de novo standard of review." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Sherrod v. Am. Airlines, Inc.,* 132 F.3d 1112, 1117 (5th Cir. 1998)).  De novo review also governs an appeal of a summary judgment. *Cooley v. Hous. Auth. of Slidell*, 747 F.3d 295, 297 (5th Cir. 2014).  A district court's denial of a motion for leave to amend is reviewed for abuse of discretion. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam).

## III. Discussion

As a threshold matter, we are asked to determine whether we have appellate jurisdiction over the first two issues on appeal—i.e., (1) whether the district court erred in denying the Strongs' motion to remand and (2) whether the district court abused its discretion in denying the Strongs' motion for leave to amend—because these orders were not included in the original notice of

---

[3] The Strongs also attempt to "move this Court to strike" the portion of Green Tree's brief discussing settlement negotiations.  We do not resolve this purported motion, however, because it is not properly before the court; it neither complies with Federal Rule of Appellate Procedure 27 nor this Court's Local Rule 27.4 regarding the proper form of motions.

appeal. We conclude that, under the particular facts of this case, the appeal is not barred as to these matters. *See Turnbull v. United States,* 929 F.2d 173, 177 (5th Cir. 1991); *United States v. Rochester,* 898 F.2d 971, 976 n.1 (5th Cir. 1990); *see also Shaw v. Hardberger*, No. 10-50136, 2011 WL 1519134, at *1 (5th Cir. Apr. 21, 2011) (per curiam) ("[B]ecause the plaintiffs referenced the grant of the defendants' motion for summary judgment in their IFP motion and because the Government does not allege any prejudice, the plaintiffs' notice of appeal should be liberally construed . . . , and it should not bar the plaintiffs' appeal of any summary judgment-related issues.").[4]

## A. Motion to Remand

The notice of removal was timely only if the disclosure response was the earliest trigger. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397–98 (5th Cir. 2013) (citing 28 U.S.C. § 1446(b)). The Strongs argue that because both their Original and First Amended Petitions put Green Tree on notice that foreclosure of the property was at issue and Green Tree waited to remove until around three months after receiving these petitions, the district court erred in determining that Green Tree's notice of removal was timely. They also argue that "Green Tree waived its right to removal by engaging in extensive discovery in the state court." We hold that Green Tree timely filed its notice of removal and its discovery in state court did not waive that right.

For the initial pleading to trigger the thirty-day removal period, it must "*affirmatively reveal[] on its face* that the plaintiff is *seeking damages* in excess of the minimum jurisdictional amount of the federal court." *Id.* at 399 (second emphasis added) (quoting *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992)). The Strongs' primary argument is that Green Tree's notice of

---

[4] Although *Shaw* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

removal noted that "[t]he allegations in the Petition relate to . . . foreclosure proceedings on . . . the Property." The Strongs contend that this statement amounts to a "judicial admission" that foreclosure proceedings, and thus the full value of the property, are at issue in this case.

This contention is belied by looking at the petitions, wherein the specific allegations for relief reveal that the value of the property was not in controversy because the Strongs were not seeking to prevent a foreclosure. *Cf. Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam) ("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by GMAC and Deutsche Bank, establishes the properties as the object of the present litigation."). Indeed, the Strongs make no allegation that Green Tree was seeking to foreclose on the property. Moreover, as to the injunctive relief, the district court correctly observed that the First Amended Petition specifically sought "an injunction preventing [Green Tree] from committing any future violations of the TDCA and ordering them to restore Plaintiffs' mortgage balance to its pre-violations amount." No specific damages were claimed in the Original Petition and the "$100,000 or less" language in the First Amended Petition did not affirmatively show "at least $75,000." Accordingly, we conclude that the petition did not "*affirmatively reveal[] on its face*" that the Strongs sought damages in excess of $75,000. *See Mumfrey*, 719 F.3d at 399.

The Strongs' second argument—that Green Tree waived its right to removal by engaging in extensive discovery in state court—lacks merit. "A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003). The district court did not err when it denied the Strongs' motion to remand.

**B. Motion for Leave to Amend**

The Strongs next argue that the district court abused its discretion in denying their motion for leave to amend. The Strongs moved for leave to amend on the last day permitted by the scheduling order. However, the district court concluded that the motion was rendered untimely because the Strongs failed to comply with the district court's local rules by failing to include both a Certificate of Conference and the proposed amended complaint with the motion. The district court further determined that the Strongs unduly delayed in moving for leave to amend because the motion was filed "after nearly two years of litigation, a prior amendment to the complaint, and a missed filing deadline." Moreover, the Strongs offered no satisfactory explanation for the delay. The district court also determined that granting leave to amend would unduly prejudice Green Tree because (1) the motion was filed late and in the middle of discovery; (2) the motion attempted to assert over a dozen new claims based on the same events as the original complaint, including four new causes of action; (3) the amended complaint would likely further extend the litigation to accommodate discovery relating to the new claims; and (4) Green Tree would be forced to reexamine its defense strategy in light of several different causes of action after preparing for twenty-two months to defend against just one cause of action. We perceive no abuse of discretion in the district court's determination. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425–27 (5th Cir. 2004).

**C. Modification Communications**

Turning to the core issue of this appeal, the Strongs argue that Green Tree violated three provisions of the TDCA by falsely representing a potential mortgage modification. Those three TDCA provisions prohibit a debt collector from engaging "in debt collection or obtaining information concerning a

consumer" by (1) "misrepresenting the character, extent, or amount of consumer debt," TEX. FIN. CODE ANN. § 392.304(a)(8); (2) "representing falsely the status or nature of the services rendered by the debt collector," *id.* § 392.304(a)(14); or (3) "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer," *id.* § 392.304(a)(19).  The Strongs' First Amended Petition alleged that Green Tree's conduct "constitute[s] a deceptive means *to collect a debt* in violation of [the TDCA]." (emphasis added).  The district court granted summary judgment against the Strongs because it concluded that Green Tree's communications about potentially modifying the mortgage (1) did not qualify as "debt collection" and (2) did not qualify as a misrepresentation about its services.  We affirm the district court's judgment because it correctly concluded that the modification communications did not qualify as "debt collection" under the TDCA.  Accordingly, we do not decide whether Green Tree misrepresented its services.[5]

Generally, "[c]ommunications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its modification." *Fields v. JP Morgan Chase Bank, N.A.*, 638 F. App'x 310, 314 (5th Cir. 2016) (quoting *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015)).  We have "not announced a rule that modification discussions may never be debt collection activities." *Id.*  Instead, we have previously indicated that modification discussions may constitute debt collection activities under the TDCA when those discussions are used as a ruse to collect debt.  *See Singha v. BAC Home Loans Servicing, L.P.*, 564 F. App'x 65, 71 (5th Cir. 2014) (per curiam); *see also Thompson*, 783 F.3d at 1028

---

[5] Proving debt collection is part of the Strongs' burden as plaintiffs, thus we reject their frivolous argument that Green Tree had to plead and prove that it was not collecting a debt.  *See* TEX. FIN. CODE ANN. § 392.304(a).

(Graves, J., concurring) ("[T]here may be circumstances in which misrepresentations made during such [loan modification] discussions are actionable.").

However, without additional evidence indicating that the misrepresentations were in fact a ruse to collect debt rather than merely poor customer service, the Strongs cannot show that Green Tree made the misrepresentation while engaged "in debt collection." *See, e.g.*, *Singha*, 564 F. App'x at 71 ("[E]ven if there had been a promise to modify a loan when no such modification decision had been approved, that at most would be a misrepresentation. What the Singhas have failed to allege is any basis on which to decide that their modification discussions were debt collection activities for TDCA purposes.");[6] *cf. Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) ("Chavez alleges that Wells Fargo violated these provisions by misleading him to believe that he qualified for and would be approved for a loan modification, despite knowing that he was not eligible for a loan modification. We do not condone Wells Fargo's conduct as alleged, but terrible customer service is not automatically the equivalent of 'deceptive means.'").[7] Thus, the Strongs have no viable TDCA claim.

---

[6] The Strongs attempt to distinguish *Singha* because it does not involve the exact same facts as this case, i.e., it involved a false promise to modify the Singhas' mortgage rather than misrepresenting that a potential modification was an available option. This is not a meaningful distinction because both instances involve a misrepresentation about receiving a modification. In fact, the misrepresentation in *Singha* appears to be more suggestive of debt collection practices because the plaintiffs alleged they were falsely promised that their mortgage would be modified if they made six payments but, after making the six payments, the defendant foreclosed upon their home. *See* 564 F. App'x at 67, 70–71.

[7] The Strongs also assert that Green Tree violated the TDCA by using the alleged misrepresentations to obtain information. *See* TEX. FIN. CODE ANN. § 392.304(a) (prohibiting misrepresentations related to either "debt collection or obtaining information concerning a consumer"). However, this theory of recovery is not properly before the court because the Strongs pleaded only the "debt collection" theory of recovery under the TDCA. The Strongs' reference to this theory of recovery in their response to Green Tree's summary judgment motion does not remedy the defect. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is

No. 16-11346

Accordingly, we affirm the district court's judgment in favor of Green Tree.

AFFIRMED.

---

raised only in response to a motion for summary judgment is not properly before the court.").