| | | |
|---|---|---|
| **THOMAS D'AQUIN** | * | **NO. 2024-C-0584** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **THE HOUSING AUTHORITY** | * | |
| **OF NEW ORLEANS** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-00026, DIVISION "I-14"
Honorable Lori Jupiter, Judge
\* \* \* \* \* \*
**Chief Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Joy Cossich Lobrano)

**BELSOME, J., CONCURS IN THE RESULT**

Kathryn M. Knight
Rachel W. Wisdom
Katelyn N. McGibney
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112

      COUNSEL FOR DEFENDANT/RELATOR, HOUSING AUTHORITY OF NEW ORLEANS

David H. Williams
Corina Lopez
Southeast Louisiana Legal Services
1340 Poydras Street, Suite 600
New Orleans, Louisiana 70112

      COUNSEL FOR PLAINTIFF/RESPONDENT, THOMAS D'AQUIN

**WRIT GRANTED; RELIEF DENIED**
**NOVEMBER 13, 2024**

Relator, Housing Authority of New Orleans ("HANO"), seeks review of the trial court's denial of the peremptory exception of no cause of action. Finding plaintiff is entitled to judicial review of HANO's decision to terminate his housing assistance, the application for supervisory review is granted, but relief is denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Thomas D'Aquin, was a recipient of housing assistance through the Housing Choice Voucher Program ("HCVP") enacted through Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f. HANO is the administrator of the HCVP program for Orleans Parish on behalf of the U.S. Department of Housing and Urban Development ("HUD"). Mr. D'Aquin was incarcerated, allegedly due to actions stemming from his mental disability, and was absent from his unit for 180 days.

HANO proposed terminating Mr. D'Aquin's assistance based on this alleged violation of "24 C.F.R. § 982.312 and HANO's Administrative Plan by being absent from his unit for longer than allowed." HANO scheduled a hearing regarding the proposed termination of his vouchers. Because Mr. D'Aquin was incarcerated, he was unable to attend the hearing. In spite of Mr. D'Aquin's absence, HANO issued a default voucher termination.

1

After being released from prison, Mr. D'Aquin requested a reasonable accommodation for reinstatement of his voucher based upon his mental illness. Mr. D'Aquin was granted an informal hearing. However, HANO found that Mr. D'Aquin "failed to establish a direct connection between his mental health and his incarceration" and upheld the voucher termination. Mr. D'Aquin then sought a formal hearing. The hearing officer at the formal hearing upheld the findings of the informal hearing.

Mr. D'Aquin filed a Petition for Judicial Review Seeking Restoration of Section 8 HCVP Assistance in the Orleans Parish Civil District Court, again seeking redress from HANO's termination of his housing assistance voucher. HANO then filed a Peremptory Exception of No Cause of Action and Order to Dismiss, asserting that Mr. D'Aquin was not entitled to further review of HANO's termination of his housing assistance voucher. The trial court denied HANO's exception. HANO's application for supervisory review followed.

### STANDARD OF REVIEW

Peremptory exceptions of no cause of action present the question of whether the law extends a remedy against the defendant to anyone under the factual allegations in the petition. *Indus. Cos., Inc. v. Durbin*, 02-0665, p. 6 (La. 1/28/03), 837 So. 2d 1207, 1213. "The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true." *Id*. The exception should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief." *Id*., 02-0665, p. 7, 837 So. 2d at 1213. "Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the

2

opportunity of presenting evidence at trial." *Id.* Exceptions of no cause of action are reviewed *de novo*, because they raise a legal issue. *Simmons v. Dep't. of Child. and Fam.*, 15-0034, p. 7-8 (La. App. 4 Cir. 6/24/15), 171 So. 3d 1147, 1152 (citing *Indus. Cos.*, 02-0665, pp. 6-7, 837 So. 2d at 1213).

### *NO CAUSE OF ACTION*

HANO filed an Exception of No Cause of Action, contending, "(1) federal law governed the dispute; (2) the governing federal regulations do not provide Plaintiff with a right to judicial review; and (3) judicial review under the Louisiana Administrative Procedure Act ("LAPA") did not apply to HANO because HANO is not a state agency." HANO's exception is dependent upon the assertion that Mr. D'Aquin has no right to seek judicial review of its administrative decision.

The parties agree that Mr. D'Aquin has no right to review under the Louisiana Administrative Procedure Act. However, the Louisiana Supreme Court has repeatedly stated, "[i]t is well settled than an individual's right of judicial review of administrative proceedings is presumed to exist." *Loop, Inc. v. Collector of Revenue*, 523 So. 2d 201, 202 (La. 1987)(citing *Delta Bank & Trust Co. v. Lassiter*, 383 So. 2d 849, 335 (La. 1980), *Buras v. Bd. of Trs. of Police Pension*, 367 So. 2d 849, 851 n.4 (La. 1979), and *Bowen v. Doyle*, 253 So. 2d 200, 204 (La. 1971)(Addressing former La. Const. Art. 1, §6)). Further, this Court held that trial courts possess the power to review the decisions of administrative agencies. *Werner v. Bd. of Trs. of New Orleans Police Pension Fund of City of New Orleans*, 360 So. 2d 615, 617 (La. App. 4th Cir. 1978). *See also Tanner v. City of Baton Rouge*, 422 So. 2d 1263, 1265 (La. App. 1st Cir. 1982) ("Though the trial court termed its review an 'appeal', it was actually exercising its exclusive original jurisdiction to review decisions of administrative boards.").

3

Mr. D'Aquin maintains *Cooley v. Hous. Auth. of the City of Slidell*, 747 F.3d 295 (5th Cir. 2014), supports his position. We agree. In *Cooley*, the U.S. Fifth Circuit affirmed the trial court's reinstatement of the plaintiff's Section 8 benefits terminated by the Slidell Housing Authority by granting her motion for summary judgment. 747 F.3d at 296. In doing so, the Fifth Circuit noted that the "Louisiana Supreme Court has not yet addressed the preclusive effects of agency decisions in this precise context.[1]" *Cooley*, 747 F.3d at 298. The Fifth Circuit noted in a footnote, however:

> Although the parties make reference to the Louisiana Administrative Procedure Act (LAPA) in discussing the appropriate level of deference, that Act does not apply because the SHA is a political subdivision of the State. La.Rev.Stat. § 40:384(16) (public housing authorities are political subdivisions); La. Const. art. VI, § 44 (defining "political subdivision"); La.Rev.Stat. § 49:951(2) (excluding political subdivisions from the definition of "agency" covered by LAPA). If LAPA did apply, we would owe substantial deference to the factual findings made by the Eastern District of Louisiana, and not to the SHA's factual findings. *See* La.Rev.Stat. § 49:964(F)-(G). Because the LAPA does not apply, the Louisiana Constitution governs Cooley's claims insofar as it guarantees a right to judicial review even in the absence of statutory authorization. *See* La. Const. art. I, §§ 2, 22; *Loop, Inc. v. Collector of Revenue,* 523 So.2d 201 (La.1987).

*Cooley*, 747 F.3d at 298 n.8.

The Fifth Circuit further noted that in "[m]aking its *Erie* guess, the district court applied the standard articulated by the Louisiana Court of Appeal for the First

---

[1] The context involved a city housing authority terminating Section 8 housing benefits for failure to attend an annual recertification meeting under the following mitigating circumstances: 1) Cooley, the Section recipient, temporarily moved out of her apartment and into her mother's apartment to settle her affairs after her mother passed away on March 29, 2012: 2) Cooley moved back into her apartment on April 18, 2012; 3) in the interim, the housing authority mailed her a letter informing her of an April 17, 2012 recertification hearing; 4) upon returning home on April 18, 2012, Cooley found a notification from the post office informing that it had a letter for her; 5) she retrieved the letter the following day; 6) the letter from the housing authority stated Cooley could reschedule the meeting by contacting the housing authority within three days of receiving the letter; 7) when Cooley attempted to see her case worker on April 19, the caseworker refused to see her without an appointment, and scheduled her for April 20, 2012; and 8) on April 24, 2012, the housing authority notified Cooley that it would terminate her Section 8 participation, effective May 31, 2012.

Circuit, which stated that an agency action may be upheld when it is 'supported by substantial evidence, in that the action is not arbitrary or capricious or an abuse of discretion.'" *Cooley*, 747 F3.d at 298, (quoting *Tanner*, 422 So. 2d at 166. *see also Bowers v. Firefighters' Retirement System*, 08-1268, p. 4 (La. 3/17/09), 6 So. 3d 173, 176 ("The scope of review of administrative agencies in the performance of a discretionary duty is restricted to determination of whether the agency's action can be deemed to have been unreasonable, arbitrary or capricious or whether it amounted to an abuse of power.").

Mr. D'Aquin's petition raised issues of reasonable accommodations for his mental disability, mitigating circumstances, and alleged HANO relied on improper legal authorities for terminating his participation in the Section 8 program. Additionally, HANO admitted, in the memorandum in support of the Exception of No Cause of Action, that the agency should have postponed the initial hearing on Mr. D'Aquin's housing assistance until after his incarceration. All of these allegations present a cause of action for injunctive relief to reinstate wrongfully terminated benefits. Accordingly, we find the trial court correctly denied HANO's peremptory Exception of No Cause of Action and deny relief.

## DECREE

For the above-mentioned reasons, Mr. D'Aquin is entitled to seek review of HANO's termination of his housing assistance. As such, the trial court did not err by denying HANO's Exception of No Cause of Action. The application for supervisory review is granted, but relief is denied.

**WRIT GRANTED; RELIEF DENIED**